OPINION OF THE COURT
Sam Eisenberg, J.
In each of these summary proceedings, an identical motion to dismiss the petition for improper verification was made. The court makes the same decision with respect to each of the above proceedings as herein set forth:
The petition in this summary proceeding has been verified as follows: “hayward h. siegel an attorney duly admitted to practice in N.Y. State hereby affirms under penalty of perjury as follows: That your affiant has read said Petition and that the contents of said Petition are true to the knowledge of affiant, except as to those matters therein stated to be alleged on information and belief, and as to those matters affiant believes the same to be true. That your affiant is the attorney for the Landlord herein and makes this verification pursuant to R.P.A.P.L. Sect. 741.”
*257 The tenant respondent now moves this court to dismiss the petition on the grounds that the verification made by the petitioner’s attorney fails to comply with the statutory requirements relative to verification.
Verifications are governed generally by the CPLR according to section 908 of the UCCA. RPAPL 741 deals with verifications in summary proceedings and it permits verification by an attorney pursuant to CPLR 3020 (subd [d]). A verification may be made by an attorney under that section where the party is either a foreign corporation or is not in the county where the attorney has his office or if all the material allegations of the pleading are within the personal knowledge of the attorney who has made the verification. RPAPL 741 provides further that an attorney may verify the petition in summary proceedings notwithstanding the fact that the petitioner is in the county where the attorney has his office. This provision of RPAPL 741 does not by its language encompass every provision of CPLR 3020 (subd [d]) relating to verification by an attorney and does not render CPLR 3020 (subd [d]) a nullity.
These additional statutory requirements affecting verifications should also be cited. CPLR 3021 provides, among other things, that if a verification is made by a person other than a party, the verifier must set forth in his affidavit the “grounds of his belief as to all matters not stated upon his knowledge and the reason why it is not made by the party.” The grounds for the verifier’s belief may be set forth briefly and the reason why the party has not made the affidavit may similarly be stated simply. (See Siegel, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR C302L2, p 392.) The failure to set forth the grounds of the verifier’s belief nullifies the verification. (Bowery Sav. Bank v Ward, 188 App Div 593.) Similarly, the failure to specify the authority for the verification by the attorney renders the verification a nullity. And the statutory requirements with respect to these matters are not met by simply stating that the verification is made pursuant to RPAPL 741. No such sanction is to be found within the CPLR or the RPAPL. Without a proper verification, the petition must be considered to be unveri *258 fied and must be dismissed. (Hirent Realty Corp. v Mosley, 64 Misc 2d 1011.)
But, what is the effect of thus dismissing the petition? Does it terminate the proceedings? David D. Siegel, Esq., in his learned Practice Commentaries (McKinney’s Cons Laws of NY, Book 7B, CPLR C3020:9, p 382) suggests that the proceedings need not be dismissed and that instead, the petitioner be permitted to serve an amended petition, duly verified. The suggestion of David D. Siegel, Esq., appears to this court to be a rule of reason worthy of adoption. It would cure the defect and yet avoid excessive rigidity in the application of the law and undue delay in the proceedings.
Accordingly, the petition herein is dismissed with leave to the petitioner to serve within seven days from the date hereof an amended petition with an accompanying notice setting forth a new return date.