BERNARD M. BLOOM, as Kings County Surrogate, et al., Respondents, v MATTHEW T. CROSSON, as Chief Administrator of the Courts of the State of New York, Appellant, et al., Defendant.

Third Department, November 25, 1992

APPEARANCES OF COUNSEL

*Michael Colodner,* New York City *(John Eiseman, Stephen Gross, Lawrence Marks* and *Kenneth Falk* of counsel), for appellant.

*Cahn, Wishod, Wishod & Lamb,* Melville *(Richard C. Cahn, Scott M. Karson, Frederick Eisenbud* and *Howard M. Miller* of counsel), for Bernard M. Bloom, respondent.

*Mahon, Mahon & Mahon,* Westbury *(Stephen B. Hand, Donald J. Farinacci, Lawrence Mahon* and *John R. Morken* of counsel), for Bar Association of Nassau County, *amicus curiae.*

*Wilson, Elser, Moskowitz, Edelman & Dicker,* New York City *(Anthony J. Mercorella, Sheryl Katz* and *Richard E. Lerner* of counsel), for Bronx County Bar Association, *amicus curiae.*

*Bleakley, Platt & Schmidt,* White Plains *(William F. Harrington, Robert D. Meade* and *Mary Ellen Manley* of counsel), for Westchester County Bar Association, *amicus curiae.*

*Howard E. Pachman, P. C.,* Commack *(Thomas J. Spellman, Jr.,* of counsel), for Suffolk County Bar Association, *amicus curiae.*

## OPINION OF THE COURT

MAHONEY, J.

Effective April 10, 1992, the Legislature approved a two-year experimental austerity measure under which defendant

Chief Administrator of the Courts was permitted to "authorize the use of mechanical recording of testimony and of other proceedings in each cause, in lieu of the taking of stenographic minutes thereof, in: (i) a surrogate's court in any county; and (ii) the court of claims" (L 1992, ch 55, § 414) (hereinafter section 414). Pursuant to that authority, the Chief Administrator, after consultation with and approval by the Chief Judge of the Court of Appeals and presentation to the Administrative Board of the Courts, directed mandatory electronic recording of all testimony and proceedings in the 12 full-time Surrogate's Courts throughout the State[1] and in the eight Courts of Claims in lieu of traditional stenographic transcription. Under this directive, which took effect on May 21, 1992, unless the designated Deputy Chief Administrative Judge felt that a court reporter was necessary in a particular instance, tape recording of all proceedings was mandatory and would be the official court record. In furtherance thereof, sophisticated four-track recording systems were purchased and training sessions for court employees were held on their use and operation. The court reporters serving in the affected courts were reassigned to other courts.

Immediately following issuance of the directive, plaintiffs, who include elected Surrogates from the affected jurisdictions, court stenographers who were involuntarily reassigned as a consequence of the directive, members of the Bar who practice in Surrogate's Courts throughout the State and individuals who have cases pending in Surrogate's Court, commenced the instant declaratory judgment action seeking to void the Chief Administrator's directive in its entirety on grounds that it violated numerous Federal and State constitutional provisions, various State statutes, the provisions of certain collective bargaining agreements, and infringed upon the inherent powers of Surrogates to control the proceedings in their courts. Shortly thereafter, they sought a preliminary injunction. Both sides then moved for summary judgment prompting Supreme Court to disregard the provisional remedy application and to address directly the merits of the controversy. Supreme Court concluded that the directive was invalid, its mandatory nature being in excess of the legislatively delegated authority set forth in section 414 and not otherwise sustainable as an

1. The affected courts are located in Nassau, Suffolk, Queens, Kings, New York, Bronx, Richmond, Westchester, Monroe, Onondaga, Chautauqua and Erie Counties.

exercise of the powers granted to the Chief Administrator under NY Constitution, article VI, § 28 (b). Accordingly, the court granted plaintiffs' cross motion for summary judgment to that extent, declared the directive invalid and permanently enjoined its implementation. Execution of the order and judgment have been stayed pending the Chief Administrator's appeal.

Under our State constitutional scheme, the authority to regulate the courts is split between the Legislature and the Chief Judge. The Legislature is imbued with exclusive authority to regulate jurisdiction, practice and procedure in the courts (NY Const, art VI, § 30) while the Chief Judge is empowered to handle all matters of court administration; after consultation with the Administrative Board and approval by the Court of Appeals, the Chief Judge is authorized to establish standards and administrative policies for general application throughout the State and, as aided by the Chief Administrator, is responsible for supervising the administration and operation of the Unified Court System (NY Const, art VI, § 28 [c]). Nonetheless, both the Legislature and the Chief Judge can delegate their respective powers relative to the court system to the Chief Administrator. The latter's authority to act is somewhat different, however, depending upon whether the power delegated is a NY Constitution, article VI, § 30 power or a NY Constitution, article VI, § 28 power. The Chief Administrator can exercise legislatively delegated powers to regulate matters of jurisdiction, practice and procedure only with advice and consent of the Administrative Board (NY Const, art VI, § 30). Delegated powers of an administrative nature are not similarly restricted (NY Const, art VI, § 28).

While the parties here debate whether regulation of the manner and method of recording judicial proceedings is a regulation of practice and procedure such that the Chief Administrator's authority to exercise that power is subject to the constraints of NY Constitution, article VI, § 30 or is an administrative function, inasmuch as the subject necessarily involves personnel issues and issues relative to the form of court records, matters which are statutorily deemed to be within the administrative province of the Chief Judge *(see,* Judiciary Law § 211 [1]), in our view this subject falls squarely within the realm of an administrative function *(cf., Yeager v Quinn,* 767 P2d 766 [Col]; *Lichter v County of Monmouth,* 114 NJ Super 343, 276 A2d 382). This conclusion does not necessarily mean that the Chief Administrator had the authority to

undertake the challenged action, however. Under NY Constitution, article VI, § 28 (b), the Chief Administrator's authority to deal with administrative matters derives from two sources: (1) authority delegated by the Chief Judge who constitutionally is imbued with plenary authority over matters of administration (see, *Matter of Morgenthau v Cooke,* 56 NY2d 24, 32; *Corkum v Bartlett,* 46 NY2d 424, 428-429), and (2) authority conferred by some other provision of law (see, *Corkum v Bartlett, supra).* Here, regardless of whether the Chief Administrator derived authority to act under the first source previously noted, an issue hotly debated by the parties, in our view he clearly was imbued with that authority under the second source by virtue of the enactment of section 414.[2]

While Supreme Court concluded that the Chief Administrator acted in excess of this delegated authority by *mandating* electronic reporting, we cannot agree. The basis of the court's conclusion rests with its interpretation of section 414, in particular the phrase "may authorize the use of", as permitting the Chief Administrator to institute electronic recording only as a permissive measure, not as a mandatory directive. This interpretation derives, in turn, from the court's belief that any other reading would repeal, by implication, numerous statutes dealing with the taking of testimony in Surrogate's Court and the appointment of court reporters. In our view, this analysis cannot withstand scrutiny.

While, concededly, a reading of the statute in its entirety reveals an ambiguity with regard to the nature of the Chief Administrator's conferred authority, i.e., whether it was intended to be permissive only or to contemplate mandatory direction, an examination of legislative history, the circumstances attendant to its enactment, and its over-all spirit and purpose persuades us that the challenged directive falls within the ambit of the delegated authority (see, e.g., *Matter of Sutka v Conners,* 73 NY2d 395, 403; *People v Ryan,* 274 NY 149, 152; *Hudson City Sav. Inst. v Drazen,* 153 AD2d 91). It is clear that section 414 was enacted as a cost-saving measure. Indeed, examination of the 1992 New York State Legislature Report of the Fiscal Committees on the Executive Budget (hereinafter the Report) reveals a contemplated $2.6 million cost savings to

---

2. That legislation provides: "Notwithstanding any other provision of law, the chief administrator of the courts may authorize the use of mechanical recording of testimony and of other proceedings in each cause, in lieu of the taking of stenographic minutes thereof, in: (i) a surrogate's court in any county; and (ii) the court of claims" (L 1992, ch 55, § 414).

be achieved through reassignment of court reporters in the affected courts to fill posts throughout the court system lost through attrition. These projected cost savings simply could not be expected to be achieved other than through a mandatory program for, absent such, the reassignments, which would generate the cost savings, could not be effected. To this end, the Report concluded that realization of the projected savings "presume[d] the full implementation" of section 414.

Accordingly, it appearing that the Chief Administrator was imbued with express statutory authority to implement the directive at issue and that his actions were within the scope of that conferred authority, Supreme Court's order and judgment must be reversed. In light of our reversal, the matter is remitted to that court to render decision upon those aspects of the complaint which sought relief on other constitutional, statutory or contractual grounds.

MIKOLL, J. P., LEVINE, CASEY and HARVEY, JJ., concur.

Ordered that the order and judgment is reversed, on the law, without costs, and matter remitted to the Supreme Court for further proceedings not inconsistent with this Court's decision.