■ In the Matter of NICOLA S. BRUSCO, Appellant, v RICHARD F. BRAUN et al., Respondents. [605 NYS2d 13] —Judgment, Supreme Court, New York County (William P. McCooe, J.), entered on or about September 1, 1992, which denied petitioner's application pursuant to CPLR article 78 to compel respondent Civil Court Judge Richard F. Braun to sign a default

judgment in this residential nonpayment proceeding without conducting an inquest and which dismissed the petition, modified, on the law, to the extent of granting so much of the petition as seeks an order directing respondent Civil Court Judge to enter judgment of possession in favor of petitioner, including the rent demanded in the notice of petition and, except as so modified, affirmed, without costs.

In this proceeding in the nature of mandamus, petitioner challenges the authority of a Judge to schedule an inquest following the tenant's default in answering a nonpayment proceeding brought pursuant to RPAPL 711 (2). At issue is whether RPAPL 732 (3) means precisely what it says.

The statute is clear and unambiguous, leaving no room for judicial interpretation (McKinney's Cons Laws of NY, Book 1, Statutes § 76), and entry of judgment is enforceable by way of mandamus directed to the court *(People ex rel. Allen v Murray,* 2 Misc 152, 155-157, *affd* 138 NY 635 [1893]). Furthermore, we exercise the prerogative to administer and enforce compliance with procedures adopted by rule of this Court (RPAPL 732; Uniform Rules for Trial Cts [22 NYCRR] § 208.42 [d]).

The facts are not in dispute. Petitioner commenced this summary proceeding to recover possession of real property (RPAPL 701 *et seq.)* on the grounds of nonpayment of rent in the amount of $3,626.04, comprising rent for the months of December 1991 through and including March 1992, plus legal fees. The attorney's affidavit of service recites that he *personally* served the petition and notice of petition on the tenant at 8:00 P.M. on March 16, 1992.

Following the tenant's failure to answer within five days in compliance with RPAPL 732 (1), petitioner submitted a request for a final order directing entry of judgment in her favor (RPAPL 732 [3]; 747 [1]) on March 27, 1992. The application was placed on the Judgment and Warrant Residential Default Applications Calendar and made returnable on April 13, at which time counsel for petitioner appeared before respondent Civil Court Judge Richard F. Braun. Counsel was informed that the matter would be scheduled for inquest and that inquest would not be heard until May 1. Counsel then made application to the court for judgment without inquest. The application was denied and the instant proceeding ensued.

It appears from the record before us that it is the practice of respondent Civil Court Judge to hold an inquest in every instance where application is made for entry of judgment by

default in a residential nonpayment proceeding. In his affidavit in support of the petition for a writ in the nature of mandamus, counsel for petitioner contends that the court does not have discretion to conduct an inquest where a tenant defaults in answer to a nonpayment proceeding subject to the provisions of RPAPL 732. In answer to the petition, respondents assert only the affirmative defense that the petition fails to state a cause of action upon which relief may be granted.

Supreme Court dismissed the petition on the ground that mandamus does not lie to compel performance of a discretionary act (citing *Klostermann v Cuomo,* 61 NY2d 525, 539). As authority for the proposition that the holding of an inquest upon default in a nonpayment proceeding is discretionary, the court relied on *Matter of Park Holding Co. v Arber* (145 Misc 2d 39). However, the reasoning of this case is fatally flawed, and its conclusion that inquest is a prerequisite to judgment in every summary proceeding to recover possession of real property is entirely erroneous.

RPAPL 732 is made applicable to nonpayment proceedings in Civil Court by Uniform Rules for Trial Courts (22 NYCRR) § 208.42 (d) pursuant to the authority vested in the Appellate Division of the Supreme Court. The statute provides: "If the respondent fails to answer within five days from the date of service, as shown by the affidavit or certificate of service of the notice of petition and petition, the judge shall render judgment in favor of the petitioner and may stay the issuance of the warrant for a period of not to exceed ten days from the date of service." (RPAPL 732 [3].) This unequivocal provision mandates entry of a final judgment of possession in favor of the petitioner upon a tenant's default (McKinney's Cons Laws of NY, Book 1, Statutes § 177 [a]). The only discretion afforded by the statute is a stay in issuance of the warrant of eviction for up to ten days to permit the tenant further opportunity to tender the rent due and so avoid eviction (RPAPL 749 [3]; *see, J.A.R. Mgt. Corp. v Foster,* 109 Misc 2d 693). The question of attorney's fees, which may be included in the judgment when the terms of the lease so provide, is an entirely separate matter that is the proper subject of a hearing *(Simithis v 4 Keys Leasing & Maintenance Co.,* 151 AD2d 339, 341-342; *Cier Indus. Co. v Hessen,* 136 AD2d 145).

It should be noted that, unlike a holdover proceeding pursuant to RPAPL 711 (1) or a proceeding where no landlord-tenant relationship exists pursuant to RPAPL 713, RPAPL 732 constitutes an exception to the general rule that a summary proceeding shall be decided at a hearing (RPAPL 731 [2];

see, CPLR 409). It provides that a hearing is to be scheduled only in the event that the tenant answers "before the clerk" (RPAPL 732 [1], [2]). Upon failure to answer within five days, the statute directs entry of judgment for the petitioner (RPAPL 732 [3]).

In *Matter of Park Holding Co. v Arber (supra)*, much was made of the Legislature's employment of the language "the judge shall render judgment in favor of the petitioner" (RPAPL 732 [3]). The court opined *(supra,* at 43), without citation of authority, that the term "render" denotes "not a mere ministerial act" but "a judicial process which should be performed in accordance with CPLR 3215 (b)", which sets forth the procedure for entry of a default judgment before the court. The opinion concludes, "Had the Legislature intended that final judgments of possession on default be granted without inquest by a mere ministerial act, it could have specified that such judgments could be granted and entered by the clerk and that application to a Judge for the rendering of a judgment was not necessary" *(supra,* at 43).

The distinction sought to be drawn between "render" and such kindred terms as "grant", "give" or "award" is purely semantic. "Render" and "give" are synonymous in the context of directing the entry of judgment (Garner, Dictionary of Modern Legal Usage, at 474). A far more compelling explanation for addressing the statutory command to the Judge is to provide consistency in the procedure for entry of judgment in special proceedings generally. The provisions of both RPAPL 747 (1) and CPLR 411 state, *in haec verba,* "The court shall direct that a [final] judgment be entered determining the rights of the parties". Moreover, RPAPL 732 (3) contains a provision to stay issuance of the warrant, and it is beyond cavil that the imposition of a stay is a matter uniquely entrusted to the discretion of a Judge. The entry of judgment and the determination on the discretionary stay, collectively, cannot therefore be characterized as a "mere ministerial act" within the authority of the clerk, as supposed in *Matter of Park Holding Co. v Arber (supra,* at 43).

If the rationale of *Park Holding* were to be accepted, a nonpayment proceeding would be treated no differently from any other summary proceeding to recover possession of real property. RPAPL 732 would then be rendered mere surplusage, a result which is unacceptable *(see, Sanders v Winship,* 57 NY2d 391, 396; McKinney's Cons Laws of NY, Book 1, Statutes § 98 [a]).

Nor is the determination in *Park Holding* sustainable under

the reasoning applied by this Court in *Joosten v Gale* (129 AD2d 531). The *Park Holding* opinion notes *(supra,* at 44) that the petition in the underlying summary proceeding was verified by the petitioner's attorney on information and belief pursuant to RPAPL 741, and not by the landlord. In support of its conclusion that the pleadings will not sustain the entry of judgment, the court seizes upon the objection articulated in *Joosten v Gale (supra)*—that a pleading verified by one without personal knowledge of the facts is not a proper basis for entry of judgment by default. However, this conclusion presumes the relevance of CPLR 3215 to a proceeding brought under the Real Property Actions and Proceedings Law, and specifically under RPAPL 732. Applying the rules of statutory construction to the conflicting provisions, it is clear that CPLR 3215 is inconsistent with, and thus superseded by, the provisions of RPAPL 732 (McKinney's Cons Laws of NY, Book 1, Statutes § 397), and the holding in *Joosten* is therefore inapposite to the proceeding before the court in *Park Holding*.

Similarly, had the Legislature intended CPLR 3215 (b) to be applicable to summary proceedings, CCA 1402, governing entry of default judgments generally, would indicate as much. This provision goes to some length to state the rather obvious proposition that a summons with endorsed complaint "shall be deemed 'the summons and the complaints' referred to in [CPLR 3215 (e) (now subd [f])]." Conspicuously absent from CCA 1402 is any mention of the petition and notice of petition. Applying the principle *expressio unius est exclusio alterius,* the omission indicates that summary proceedings pursuant to the Real Property Actions and Proceedings Law are not intended to be embraced within its scope (McKinney's Cons Laws of NY, Book 1, Statutes § 240) and therefore are not subject to the procedure set forth in CPLR 3215.

The record in the matter under review reveals no defect in the supporting papers. The petition was personally verified by the owner, and the pleadings were personally served upon respondent-tenant by counsel for petitioner. Petitioner, in her brief, notes that even in the event that the underlying pleadings were insufficient to support entry of judgment on default, any omission could be cured by submission of additional affidavits, rendering unnecessary personal appearance to give testimony before the court at inquest. Petitioner is entirely correct. The standards governing motions for summary judgment are applicable to special proceedings generally *(Matter of Port of N. Y. Auth. [62 Cortlandt St. Realty Co.],* 18 NY2d 250, 255, *cert denied sub nom. McInnes v Port of N. Y. Auth.,*

385 US 1006), of which the summary proceeding to recover possession of real property is a species. The court is required to make a summary determination "upon the pleadings, papers and admissions" (CPLR 409 [b]).

Therefore, it can be seen that the court's refusal to enter a default judgment in *Park Holding (supra)* is sustainable for a similar though entirely different reason from that stated by the court. The opinion emphasizes *(supra,* at 44) that the petition was verified by petitioner's attorney, not by the landlord. While RPAPL 741 permits a petition to be verified by the attorney for the landlord, it is well settled that an affidavit of counsel is of no probative value for purposes of summary determination *(Hasbrouck v City of Gloversville,* 102 AD2d 905, *affd* 63 NY2d 916; *Farragut Gardens No. 5 v Milrot,* 23 AD2d 889) unless accompanied by documentary evidence *(Zuckerman v City of New York,* 49 NY2d 557, 563). While the facts in *Park Holding (supra)* do not justify inquest, the facial insufficiency in the pleadings and accompanying affidavits did warrant the submission of "additional proof" in the form of an affidavit from someone in the position of landlord or managing agent, attesting to the amount of rent currently due and owing (CPLR 409 [a]). Given the statistics cited in that case regarding the frequency with which summary proceedings are discontinued because rent has been tendered or the matter otherwise settled (145 Misc 2d, *supra,* at 42, n 1), the submission of such an affidavit at the time default judgment is requested is a procedure which has much to commend it.

It is a maxim of statutory construction that the intent of the Legislature is the primary consideration (McKinney's Cons Laws of NY, Book 1, Statutes § 92). In construing language of command as less than peremptory, it is said that "the power of courts to disregard the provisions of a statute as directory *[viz.* precatory] only should be exercised with great caution. Especially is this true * * * where officers are commanded to do an act which concerns public interests or the rights of individuals" (McKinney's Cons Laws of NY, Book 1, Statutes § 177 [c], at 350).

It is clear that the failure to enter judgment in favor of a petitioner entitled to it by statute affects an individual right. It is perhaps not entirely clear that it also affects a public interest. Procedural statutes, including the adoption of uniform rules, are designed to assure consistency in the practice of various courts processing similar cases. This objective is frustrated by the policy of some Judges of routinely holding

inquests in every residential nonpayment proceeding in direct contravention to RPAPL 732 (3), as revealed in the affidavit of the Administrative Judge of the New York City Civil Court.

The evil sought to be avoided by the imposition of consistent procedure was articulated by Appellate Term, First Department in *Central Park Gardens v Ramos* (NYLJ, Apr. 9, 1984, at 12, col 6), in which the court stated that "uniform rules of civil procedure and substantive law must be applied so as to avoid an intolerable spectacle of matters being determined more upon the basis of which judge may be presiding in a given case than upon the basis of such uniform rules of civil procedure and substantive law." In the matter at bar, the scheduling of inquest more than one month after judgment was requested by petitioner evaded the time limits imposed by RPAPL 732, allowing the defaulting tenant to forestall determination of the proceeding considerably longer than if she had appeared in answer to the petition.

While a court does not act blindly even in the performance of its ministerial duties, the extraordinary exercise of discretion in declining to perform an act mandated by statute requires justification. A court may depart from the mandate of RPAPL 732 (3) and "require the submission of additional proof" (CPLR 409 [a]) when confronted with such circumstances as a patent insufficiency in the pleadings and accompanying affidavits or a pattern suggesting fraud in service of process.

In refusing entry of judgment by default, the court in the underlying summary proceeding stated no basis for its failure to comply with the statute or for its direction that petitioner appear at an inquest. As a minimum, in the appropriate case, this Court will require a statement of the reasons, with reference to the circumstances of the particular proceeding, why the mandate of the statute has been abrogated in order to afford a basis for review of the propriety of the departure from its provisions.

Respondents, in their brief, urge that provisions governing default judgments entered in a plenary action brought in Civil Court (CCA 1402; Uniform Rules for Trial Cts [22 NYCRR] § 208.32 [b]; § 208.14 [b] [1]) afford discretion pursuant to CPLR 3215 (e) (now subd [f]) to direct a plaintiff to give oral testimony before rendering judgment. Therefore, by analogy, they argue that such discretion should extend to the summary proceeding in question. However, this argument overlooks the obvious fact that, in enacting RPAPL article 7, the Legislature provided a comprehensive procedural statute governing, exclu-

sively, summary proceedings for the recovery of possession of real property. Had the Legislature intended that these proceedings be subject to the rules governing other actions, it would not have found it necessary to draft a separate statute. What might be proper in other types of proceedings is immaterial, if not irrelevant, to one brought pursuant to the unique provisions of RPAPL 732, applicable only to nonpayment proceedings *(see, Hanover Estates v Finkelstein,* 194 Misc 755, 758-760).

The prerogative to determine the procedure to be employed in nonpayment proceedings, limited though it may be, is vested in the Appellate Divisions of the First and Second Judicial Departments, which jointly supervise the administration and operation of the Civil Court (CCA 103). It is beyond the power of the individual Civil Court Judge to usurp that prerogative by refusing to comply with the procedure adopted pursuant to court rule (RPAPL 732; Uniform Rules for Trial Cts [22 NYCRR] § 208.42 [d]).

Finally, it should be noted that the concern expressed by critics of the mandated default procedure—that service has not been properly effected *(e.g., Matter of Park Holding Co. v Arber, supra,* at 42)—was addressed by Uniform Rules for Trial Courts (22 NYCRR) § 208.42 (i). This provision, commonly known as the "postcard rule", was adopted to obviate the necessity for ad hoc inquiry into the sufficiency of service. The rule provides for separate notification, in both English and Spanish, of the commencement of a proceeding against the tenant, which is mailed to the respondent-tenant by the clerk when the petition and notice are filed.

Beyond the various notice provisions calculated to alert the tenant to the imminence of litigation and to prompt the respondent-tenant's appearance in court (three-day demand for rent, postcard notice and seventy-two-hour notice of eviction), the Housing Part is vested with broad equitable jurisdiction over housing matters (CCA 110). A final judgment of possession may be vacated by the court which issued it (CPLR 5015) upon an order to show cause brought by the tenant establishing "underlying merit and a reasonable excuse for the default" *(New York City Hous. Auth. v Torres,* 61 AD2d 681, 683). In appropriate circumstances, the authority retained by the court over a summary proceeding extends to the reinstatement of a tenant even after the warrant of eviction has been executed *(e.g., Solack Estates v Goodman,* 78 AD2d 512; *Central Brooklyn Urban Dev. Corp. v Copeland,* 122 Misc 2d 726). Thus, the expediency of an additional stage of judicial

review is highly questionable and, in any event, adverse to the legislative scheme underlying RPAPL article 7, which requires that the proceeding to recover possession of real property retain its intended summary nature. This axiom is clearly compromised by the perception that it is a time-consuming undertaking fraught with procedural complexity and, for some purposes at least, less expeditious than a plenary action for ejectment in Supreme Court, a procedural device deemed "expensive and dilatory" and in response to which the summary proceeding was enacted by the Legislature as a "remedial act" *(Lynde v Noble,* 20 Johns 80, 82 [1822]).

The clerk of the Civil Court is not within the ambit of the statutory command of RPAPL 732 and, therefore, the article 78 petition was properly dismissed as against respondent Jack Baer. Concur—Carro, J. P., Rubin and Nardelli, JJ.

Ellerin, J., dissents in a memorandum as follows: I would affirm the dismissal of the petition in this CPLR article 78 proceeding seeking to compel the respondent Judge to sign a default judgment in a residential nonpayment proceeding without conducting the inquest scheduled by the Judge.

It must be emphasized that we are dealing here with a proceeding in the nature of mandamus seeking an order directing the Civil Court Judge assigned to this matter to summarily render judgment in favor of the petitioner. The law is clear, and there is no dispute, that "the extraordinary remedy of mandamus is appropriate to enforce the performance of a ministerial duty", and "it cannot be used to compel an act or acts * * * in respect to which an officer may exercise judgment or discretion." *(Donaldson v State of New York,* 156 AD2d 290, 293, *lv dismissed in part and denied in part* 75 NY2d 1003.) Thus, the critical question is whether it lies within the discretion of the Civil Court to direct an inquest upon the respondent-tenant's default.

RPAPL 732 provides in relevant part that if the respondent-tenant answers the petition, the clerk shall fix a date for "trial or hearing" (RPAPL 732 [2]), but that following a default in answering the petition, "the judge shall *render* judgment in favor of the petitioner and may stay the issuance of the warrant" (RPAPL 732 [3] [emphasis added]).

It has long been held that "to render judgment" is a judicial act, while "to enter [judgment]" is a ministerial one. *(Evarts v Kiehl,* 102 NY 296, 297.) The use of the words "render judgment" in the statute here applicable indicates that the statute contemplated something more than a merely ministe-

rial act which might be performed by a clerk. I do not believe that these are purely "semantical" distinctions. Even more fundamental to the proper construction of the statute is the absence of any direction that judgment be rendered "summarily", or words of like effect. Setting the matter down for inquest is consistent with the process of rendering judgment, where the Legislature has not seen fit to direct that judgment issue forthwith.

While the majority construe the statute as requiring a summary entry of judgment without further court procedure, they further conclude that the statute permits the petitioner to cure a defect in the pleadings by the submission of additional affidavits, despite complete silence in the statute itself as to any further proceedings. In advancing a construction which approves of certain supplemental proceedings not set forth in the statute, the majority implicitly recognize that the statute was not and could not have been intended to supplant the discretion normally enjoyed by courts before rendering a judgment. As indicated by the record before us, the holding of inquests, sanctioned by the Administrative Judge of the Civil Court, is apparently due to the numerous errors and omissions which occur in the pleadings in such summary proceedings.

On this appeal, however, it is not necessary to determine whether it is desirable to hold a hearing in every instance or under what circumstances an inquest should, if ever, be held on a default in a nonpayment proceeding pursuant to RPAPL 711 (2). What is dispositive, however, is the conclusion that the statute does not provide for summary disposition as a ministerial act and, therefore, a proceeding in the nature of mandamus does not lie.