■ In the Matter of Judith L. Hancock, Respondent-Appellant, v Arts4all, Ltd., Also Known as A4A Mobile, Ltd., Appellant-Respondent. [858 NYS2d 92]—

Order, Supreme Court, New York County (Bernard J. Fried, J.), entered May 17, 2007, which, in a proceeding pursuant to Business Corporation Law §§ 725 and 1315 seeking, inter alia, the production of books and records of respondent corporation Arts4All, Ltd. (Arts), denied the petition on the grounds of res judicata, and dismissed, as moot, Arts' motion to hold petitioner and her former attorney in contempt, unanimously reversed, on the law, without costs, to reinstate the petition, to deny the motion for contempt on the merits, and the matter remanded to Supreme Court for a determination of the petition on the merits.

The court improperly dismissed the petition on the grounds of res judicata, where some of the relief sought did not mirror that sought in petitioner's counterclaims in a previous proceeding. Moreover, "[t]he standards governing motions for summary judgment are applicable to special proceedings generally" (*Matter of Brusco v Braun*, 199 AD2d 27, 31 [1993], *affd* 84 NY2d 674 [1994]), and here, the record reveals significant questions of fact regarding whether Arts complied with the continuing directive of the prior court as to various obligations to its shareholders, which should be addressed on the merits.

The court's directive to petitioner to refrain from communicating directly with her adversary was overly broad, since petitioner is a shareholder of Arts and has the right to certain materials independent of the litigation. Caution, however, should be taken that exercise of these rights not be used as an extrajudicial discovery device.

Furthermore, the court improperly dismissed, as moot, Arts' motion to hold petitioner and her former counsel in contempt. However, denial of the motion on the merits is appropriate, where petitioner's demand made pursuant to Business Corporation Law § 1315 was authorized by statute, and does not constitute an improper discovery demand.

We have considered Arts' remaining contentions and find them unavailing. Concur—Mazzarelli, J.P., Andrias, Friedman and Gonzalez, JJ. [*See* 2007 NY Slip Op 31237(U).]