OPINION OF THE COURT
Memorandum.
Ordered that the order dated September 12, 2008 is modified by providing that landlord’s motion is granted to the extent of vacating so much of the August 4, 2008 order as, on the court’s own motion, dismissed the petition, and by further providing that the denial of landlord’s application for a default final judgment is without prejudice to renewal upon proper papers; as so modified, the order is affirmed without costs and the matter is remitted to the Civil Court for all further proceedings.
In this commercial nonpayment summary proceeding, landlord served tenant with a notice of petition and petition, verified by its attorney, on June 23, 2008. Tenant failed to answer or appear. On July 29, 2008 landlord applied for a default final judgment in its favor. By order dated August 4, 2008, the Civil Court denied the application and sua sponte dismissed the petition, finding that landlord had failed to attach its rent demand to the petition. Landlord subsequently moved to, inter alia, vacate the prior order and enter a default final judgment in its favor, asserting that it had stated in its petition that rent had been demanded personally. By order dated September 12, 2008, the Civil Court denied the motion, noting that an oral rent *87 demand is permissible pursuant to RPAPL 711 but apparently finding that the demand was not sufficiently alleged because the petition was verified by landlord’s attorney. By notice of appeal dated October 22, 2008, landlord appealed from the August 4, 2008 order, which we deem to be an appeal from the September 12, 2008 order (see CPLR 5512 [a]).
RPAPL 741 expressly allows a legal representative or attorney to verify a petition in a summary proceeding to recover real property. RPAPL 741 (4) requires the petition to state the facts upon which the special proceeding is based. As noted by the Civil Court, RPAPL 711 allows a landlord to maintain a nonpayment proceeding when “a demand for rent has been made,” an allegation contained in the petition. Accordingly, the Civil Court erred in sua sponte dismissing the petition, and further erred in declining to vacate the dismissal.
However, while a petition verified by an attorney is sufficient to satisfy RPAPL 741, the entry of a default final judgment must be supported by a petition or an affidavit sworn to. on personal knowledge (see Matter of Brusco v Braun, 199 AD2d 27, 32 [1993], affd 84 NY2d 674 [1994]; Fairfield Presidential Assoc. v Samuel, 4 Misc 3d 1026[A], 2004 NY Slip Op 51064[U] [2004]; Bldg Mgt. Co. v Vision Quest of Flatbush, 1 Misc 3d 681 [2003]). Since there was no such petition or affidavit, the court should properly have declined to enter a default final judgment upon the motion papers before it without prejudice to renewal of the application upon proper papers.
Golia, J.P, Pesce and Rios, JJ., concur.