OPINION OF THE COURT
Kenneth L. Thompson, Jr., J.
Petitioner’s order to show cause for an order prohibiting the Warrant Clerk of Bronx County for the Civil Court of the City of New York from rejecting any warrant application based on the omission of an affidavit of merit is denied.
In a nutshell, petitioner filed a notice of petition for the nonpayment of rent against respondent tenants Danielle Jones and Tysheim Campbell on or about April 6, 2010. (Verified petition If 1.) Since respondents failed to respond to the petition, petitioner, through its counsel, Wenig Saltiel LLP, sought a default judgment and warrant of eviction on May 7, 2010. (Id. 1Í 3.) The Warrant Clerk rejected the application “out of hand” on May 15, 2010 because it did not contain an affidavit of merit. (Id. 1f 5; see also id. exhibit C.)
Petitioner now argues that the Warrant Clerk had no basis to reject its application because there is no “statute that requires an affidavit of merit in order to obtain a default judgment and issuance of the warrant of eviction where a tenant has failed to answer or appear.” (Id. 1Í 6.) It adds that
“if the legislature intended for the civil court clerks to have discretion to review the adequacy of pleadings prior to entry of a default judgment, or for the court to create its own policies concerning conditional requirements and additional submissions, such discretion would have been included in the statute. Assuredly, in the absence of a provision to *283 the contrary, a judge, even the presiding judge, cannot be permitted to design her own rules to add additional requirements regarding a procedure which the legislature has already established and on which the Court of Appeal has spoken.” (Petitioner’s mem of law at 4-5.)
The court disagrees with petitioner’s stance on three fronts. First, the Honorable Judge Fern Fisher is the Unified Court System’s Deputy Chief Administrative Judge, which imbues her with the plenary power to issue directives — such as Civil Court Directive DRP-191-A — under New York State’s Constitution and the New York Codes, Rules and Regulations. (See NY Const, art VI, § 28; 22 NYCRR 81.1 [b] [1], [4], [6], [8].) Second, the requirement that a clerk employed by the Unified Court System, including Civil Court, must recognize and acquiesce to such a directive flows directly from New York’s Civil Practice Law and Rules. (CPLR 2102 [c].) Finally, the First Department has found that summary proceedings to recover possession of real property are the type of summary determinations that may not rely solely on the affidavit of counsel who lacks personal knowledge of the facts. (See Matter of Brusco v Braun, 199 AD2d 27, 31-32 [1993], affd 84 NY2d 674 [1994]; see also RPAPL art 7.) A conclusion neither inconsistent — nor otherwise at odds — with New York’s laws governing nonpayment proceedings and the contents of petitions seeking such relief. (See RPAPL 732, 741.)
The Directive
“It has long been our practice to follow RPAPL § 741 which refers to CPLR § 3020(d), that if a petition was verified by the attorney for the party, it would be acceptable for the entry of a default judgment. A recent Appellate Court decision, Sella Propers. V DeLeon, 25 Misc 3D 85, Second Department, 2009, found that an attorney verified petition is sufficient to satisfy RPAPL 741, however, entry of a default judgment requires a petition or an affidavit sworn to by an individual with personal knowledge of the facts. Since this issue has not been decided to the contrary in the First Department, the clerks are directed to follow ‘Sella’ in the First Department also, until the First Department addresses the issue otherwise.
“Based on the above case and practice annotation, we now direct the following:
*284 “DIRECTIVE:
“1. A petitioner or affidavit of facts verified by the party’s attorney is not sufficient for the entry of a default judgment, unless the attorney has personal knowledge of the facts and says this in the petition or affidavit. The affidavit of default may be made by the attorney, if the attorney specifically affirms personal knowledge.
“2. Applications for default judgment must be accompanied by an affidavit from a person with personal knowledge. Any individual with personal knowledge of the facts may verify the affidavit.
“3. Applications for default judgment that are not accompanied by an affidavit from a person with personal knowledge should be returned with a notation that they can be resubmitted with the appropriate affidavit.” (Civil Court Directive DRP-191-A, available at http://www.courts.state.ny.us/courts/nyc/ civil/directives/DRP/DRP191A.pdf.)
The Constitution
“The chief administrator, on behalf of the chief judge, shall supervise the administration and operation of the unified court system. In the exercise of such responsibility, the chief administrator of the courts shall have such powers and duties as may be delegated to him or her by the chief judge and such additional powers and duties as may be provided by law.” (NY Const, art VI, § 28 [b].)
The New York Codes, Rules and Regulations
“The deputy chief administrators for the courts within and outside the City of New York shall:
“(1) assist the Chief Judge and the Chief Administrator of the Courts in the supervision of the administration and operation of the unified court system; . . .
“(4) except as provided in paragraphs (c) (4) and (5) of this section, supervise the day-to-day operations of the courts, county clerks’ offices and commissioners of jurors, if any, within their jurisdictions and oversee the administrative actions of the Administrative Judges of the courts within their jurisdictions; . . .
“(6) issue directives and orders necessary to implement these powers and duties; [and] . . . *285 “(8) do all other things appropriate to exercise their aforesaid functions, powers and duties.” (22 NYCRR 81.1 [b] [1], [4], [6], [8].)
The Civil Practice Law and Rules
“A clerk shall not refuse to accept for filing any paper presented for that purpose except where specifically directed to do so by statute or rules promulgated by the chief administrator of the courts, or order of the court.” (CPLR 2102 [c].)
The Real Property Actions and Proceedings Law
“The petition shall be verified by the person authorized by section seven hundred twenty-one to maintain the proceeding; or by a legal representative, attorney or agent of such person pursuant to subdivision (d) of section thirty hundred twenty of the civil practice law and rules. An attorney of such person may verify the petition on information and belief notwithstanding the fact that such person is in the county where the attorney has his office. Every petition shall:
“1. State the interest of the petitioner in the premises from which removal is sought.
“2. State the respondent’s interest in the premises and his relationship to petitioner with regard thereto.
“3. Describe the premises from which removal is sought.
“4. State the facts upon which the special proceeding is based. “5. State the relief sought. The relief may include a judgment for rent due, and for a period of occupancy during which no rent is due, for the fair value of use and occupancy of the premises if the notice of petition contains a notice that a demand for such a judgment has been made. (RPAPL 741.)
“If the appropriate appellate division shall so provide in the rules of a particular court, this section shall be applicable in such court in a proceeding brought on the ground that the respondent has defaulted in the payment of rent; in such event, all other provisions of this article shall remain applicable in such proceeding, except to the extent inconsistent with the provisions of this section.
“1. The notice of petition shall be returnable before the clerk, and shall be made returnable within five *286 days after its service.
“2. If the respondent answers, the clerk shall fix a date for trial or hearing not less than three nor more than eight days after joinder of issue, and shall immediately notify by mail the parties or their attorneys of such date. If the determination be for the petitioner, the issuance of a warrant shall not be stayed for more than five days from such determination.
“3. If the respondent fails to answer within five days from the date of service, as shown by the affidavit or certificate of service of the notice of petition and petition, the judge shall render judgment in favor of the petitioner and may stay the issuance of the warrant for a period of not to exceed ten days from the date of service.
“4. The notice of petition shall advise the respondent of the requirements of subdivisions 1, 2 and 3, above.” (RPAPL 732.)
Analysis
Petitioner’s basic argument is two part, that (1) there is no basis for the Deputy Chief Administrative Judge to require that petitions to recover possession of real property for nonpayment of rent must include an affidavit of merit; thus, (2) the Warrant Clerk may not reject a petition to recover possession of real property for nonpayment of rent for failing to include such an affidavit. Petitioner contends that the affidavit of merit requirement contained in DRP-191-A is an “additional requirement” that is not prescribed by RPAPL article 7 and based on Matter of Mennella v Lopez-Torres (229 AD2d 153 [1997], affd 91 NY2d 474 [1998]), thus, it may not stand.
The court disagrees with petitioner’s reading and application of Mennella, however, and finds that the Deputy Chief Administrative Judge’s implementation of Civil Court Directive DRP-191-A is buttressed by Matter of Brusco v Braun (199 AD2d 27, 31-32 [1993]) and entirely consistent with RPAPL article 7.

Brusco

The petitioner in Matter of Brusco v Braun (199 AD2d 27 [1993]) sought a default judgment based on her petition to recover possession of real property for nonpayment of rent. (Id. at 28.) The presiding Civil Court Judge declined to issue the judgment until after an inquest was had. (Id.) The First Department found that the judge could not order an inquest under the *287 circumstances because “the scheduling of inquest more than one month after judgment was requested by petitioner evaded the time limits imposed by RPAPL 732, allowing the defaulting tenant to forestall determination of the proceeding considerably longer than if she had appeared in answer to the petition.” (Id. at 33.) The Court of Appeals affirmed this holding, stating that
“[t]he plain language of [RPAPL 732] establishes two factual predicates to be determined by the court: whether petitioner has submitted an affidavit or certificate of service of the notice of petition and petition, and whether the tenant has failed to respond within five days of the date of service. If both conditions are met, the statute requires that ‘the judge shall render judgment in favor of the petitioner. ’ ” (Brusco, 84 NY2d 674, 680 [1994].)
Despite this holding, the First Department’s reasoning in Brusco supports the mandates of Civil Court Directive DRP-191-A. On that issue, the court stated that “[t]he standards governing motions for summary judgment are applicable to special proceedings generally, of which the summary proceeding to recover possession of real property is a species. The court is required to make a summary determination ‘upon the pleadings, papers and admissions.’ ” (Matter of Brusco v Braun, 199 AD2d 27, 31-32 [1993] [citation omitted]; see also Matter of Hancock v Arts4All, Ltd., 50 AD3d 390 [2008] [stating that “ ‘(t)he standards governing motions for summary judgment are applicable to special proceedings generally’ ”], quoting Brusco, 199 AD2d 27, 31 [1993].) The court added that, “[w]hile RPAPL 741 permits a petition to be verified by the attorney for the landlord, it is well settled that an affidavit of counsel is of no probative value for purposes of summary determination unless accompanied by documentary evidence.” (Brusco, 199 AD2d at 32 [citations omitted], citing Zuckerman v City of New York, 49 NY2d 557, 563 [1980]; see also Sella Props. v DeLeon, 25 Misc 3d 85, 87 [2009] [holding that “while a petition verified by an attorney is sufficient to satisfy RPAPL 741, the entry of a default final judgment must be supported by a petition or an affidavit sworn to on personal knowledge”].) It is instructive that the court cited to Zuckerman, which found that the affidavit of an “attorney who demonstrated no personal knowledge ... is without evidentiary value and thus unavailing.” (49 NY2d at 563.) The Court of Appeals did not touch on this issue in affirming Brusco.

*288
Mennella

Although the petitioner in Mennella obtained a default judgment against respondent tenant, the presiding Civil Court Judge that issued the default judgment “stayed execution of the warrant for no particular reason . . . based solely on respondent Judge’s policy election to add a further, general notice requirement before any defaulting tenant can be evicted for nonpayment of rent.” (Matter of Mennella v Lopez-Torres, 91 NY2d 474, 479 [1998].) The Court held that the judge could not add such a requirement because her “judicial discretion [was] strictly limited under the statutory scheme to providing that the Judge, upon rendering judgment, ‘may stay the issuance of the warrant for a period of not to exceed ten days from the date of service [of the notice of petition].’ ” (Id. [citation omitted].) Thus, “Judges of the Civil Court and of other courts presiding over RPAPL article 7 summary proceedings lack the authority to fashion additional notice requirements for the issuance or execution of warrants of eviction on that basis.” (Id. at 478.)
This court finds that the holdings of neither Mennella nor Brusco apply to this situation because petitioner is not challenging the “discretion” of a Civil Court Judge, but rather, the plenary power of Deputy Chief Administrative Judge Fern Fisher to implement directives designed to supervise the administration of the Unified Court System: A power bestowed upon her by New York State’s Constitution and the New York Codes, Rules and Regulations. (See NY Const, art VI, § 28; 22 NYCRR 81.1 [b] [1], [4], [6], [8]; see also Bloom v Crosson, 183 AD2d 341, 345 [1992].)
Moreover, given the guidance of Brusco and Sella, this court holds that Civil Court Directive DRP-191-A is neither inconsistent with RPAPL 732 nor does it add an additional requirement for the grant of a default judgment under that provision. The directive, instead, gives “teeth” to those requirements already contained therein. RPAPL 732 states that despite its application to nonpayment proceedings, “all other provisions of [RPAPL article 7] shall remain applicable.” And RPAPL 741 states that all petitions should be “verified” and “[s]tate the facts upon which the special proceeding is based.” Directive DRP-191-A does not add anything to these requirements and is wholly consistent with the fundamental precepts of fairness and legitimacy that the judiciary is bound to uphold: It simply mandates that the court may not accept a petition for a default judgment unless it contains an affidavit that the truth of the facts contained *289 therein are sworn to or affirmed by a person with personal knowledge of their truth.
Indeed,
“[t]he notion that judicial action be based upon facts sworn to or affirmed to be true on personal knowledge, or found to exist from otherwise admissible evidence, is not merely an ‘additional procedural safeguard, as a matter of policy’ It is a pervasive characteristic of our judicial process, and of longstanding rules of practice and procedure, contributing substantially to legitimacy. No reason commends itself to suggest that the Legislature intended to withdraw from the scope of such a fundamental precept judicial action of such serious consequence as judgments and warrants of eviction.” (Bldg Mgt. Co. v Vision Quest of Flatbush, 1 Misc 3d 681, 684 [2003] [emphasis added].)
As such, given that there has been no evidence presented that Directive DRP-191-A was improperly promulgated, it must be accorded its requisite force and effect by this court, as well as the Warrant Clerk (see CPLR 2102 [c]).