<partyblock>

136-76 39th Avenue, LLC, Respondent, v

against

Ai Ping Wu, Appellant, et al., Undertenants. Appellate Term Docket No. 2015-1040 Q C Lower Court # 083975/14 Keith S. Barnett, Esq., for appellant. Trop Spindler, LLP, Gail Spindler, Esq., for respondent.

Appeal from an order of the Civil Court of the City of New York, Queens County (Ulysses Bernard Leverett, J.), entered April 1, 2015. The order denied tenant's motion, in effect, to vacate a default final judgment and to be restored to possession in a nonpayment summary proceeding.

ORDERED that the order is modified by providing that the branch of tenant's motion seeking, in effect, to vacate the default final judgment is granted; as so modified, the order is affirmed, without costs.

In this commercial nonpayment proceeding, the petition, verified by landlord's attorney, alleges that the lease provided that rent would be waived for three months beginning from when landlord gave tenant written notice that certain renovations had been completed; that landlord gave tenant such notice; and that tenant had failed to commence paying rent after the three-month waiver period had ended. The petition further alleges that landlord demanded rent both orally and by a written rent demand. Tenant failed to interpose an answer or to appear, and, based on landlord's attorney's hearsay affirmation in support of the nonpayment claim, a default final judgment was entered awarding landlord possession. Tenant thereafter moved, in effect, to vacate the default final judgment and to be restored to possession, arguing that she was not obligated to pay rent due to ongoing construction in the building. By order entered April 1, 2015, the Civil Court denied tenant's motion on the ground that she had failed to show a reasonable excuse for her default or a meritorious defense.

It was error for the Civil Court to enter a default final judgment based solely on landlord's attorney's hearsay affirmation, as such a judgment "must be supported by a petition or an affidavit sworn to on personal knowledge" (Sella Props. v DeLeon, 25 Misc 3d 85, 87 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2009]; see 1081 Flatbush Ave., LLC v Jadoo, 34 Misc 3d 136[A], 2011 NY Slip Op 52394[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2011]; see also Matter of Brusco v Braun, 199 AD2d 27 [1993], affd 84 NY2d 674 [1994]). Consequently, the final judgment must be vacated.  

However, tenant showed no basis to open her default. Her contention that the Civil Court lacked subject matter jurisdiction
lacks merit, as such a defect would not affect the court's subject matter jurisdiction, which is conferred by statute (see CCA 204; 170 W. 85th St. Tenant's Assn. v Cruz, 173 AD2d 338, 339 [1991]; Tzifil Realty Corp. v Temammee, 46 Misc 3d 144[A], 2015 NY Slip Op 50196[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2015]).

To open her default pursuant to CPLR 5015 (a) (1), tenant was required, but failed, to establish a reasonable excuse and a potentially meritorious defense. Tenant did not put forward any excuse for her default, and her contention that ongoing, "unfinished" construction excused her failure to pay rent lacked merit. Paragraph 73 of the lease clearly sets out tenant's obligation to pay rent regardless of construction occurring in other parts of the building. The lease rider provides that landlord "shall make necessary alterations to the demised premises," followed by a three-month rent abatement for tenant to do additional renovations. Tenant does not deny that landlord made the agreed-to renovations or claim that she was precluded from preparing plans or filing for permits. In these circumstances, tenant has failed to make the requisite showing of a potentially meritorious defense on this ground (see Paris Lic Realty, LLC v Vertex, LLC, 41 Misc 3d 145[A], 2013 NY Slip Op 52074[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2013]).

Tenant's contention that the service of the written rent demand was defective is not properly before this court, as this argument is being raised for the first time on appeal, and we decline to consider it (see Joe v Upper Room Ministries, Inc., 88 AD3d 963 [2011]). We note, in any event, that this contention was waived by tenant's failure to raise it in the Civil Court (see Forest Hills S. Owners, Inc. v Ishida, 33 Misc 3d 141[A], 2011 NY Slip Op 52202[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2011]). Moreover, since the petition alleged that an oral demand for rent had been made, and tenant did not deny this allegation, service of a written rent demand was not required (see RPAPL 711 [2]; Ansonia Commercial, LLC v Gristede's Foods, Inc., 59 Misc 3d 129[A], 2016 NY Slip Op 50937[U] [App Term, 1st Dept 2016]; Corbo v West Side Travel, 20 Misc 3d 126[A], 2008 NY Slip Op 51231[U] [App Term, 2d Dept, 2d & 11th Jud Dists 2008]). Consequently, while the default judgment must be vacated, so much of tenant's motion as sought to open her default and be restored to possession was properly denied.

We find tenant's remaining arguments to be without merit.

Accordingly, the order is modified by providing that the branch of tenant's motion seeking, in effect, to vacate the default final judgment is granted.

Solomon, J.P., Pesce and Elliot, JJ., concur.

ENTER:

Paul Kenny

Chief Clerk

Decision Date: March 29, 2017

<form method="LINK" action="../../slipidx/at_2_idxtable.shtml">

<input type="submit" value="Return to Decision List">

</form>

</partyblock>