■ ANDREW GERHARDT, Plaintiff, v J & R SALACQUA CONTRACTING Co., INC., Defendant. (Action No. 1.) ANDREW GERHARDT, Respondent, v ZURICH AMERICAN INSURANCE COMPANIES, Appellant. (Action No. 2.)—In an action to recover damages for personal injuries in which the plaintiff recovered a default judgment against the defendant (Action No. 1), and in an action pursuant to Insurance Law § 3420 to recover against the insurance carrier for the defendant in the underlying personal injury action on the unpaid default judgment (Action No. 2), the carrier appeals, as limited by its brief, from so much of an order of the Supreme Court, Queens County (Smith, J.), dated April 19, 1990, as denied its motion (1) to consolidate the two actions, (2) to vacate the default judgment in Action No. 1, (3) to dismiss the complaint in Action No. 2 pursuant to Insurance Law § 3420, and (4) for leave to appear on behalf of its insured in Action No. 1.

Ordered that the order is modified, on the law, by deleting the provisions thereof which denied the branches of the motion which were for vacatur of the default judgment, for leave to appear on behalf of the insured in Action No. 1, and to dismiss the complaint in Action No. 2 pursuant to Insurance Law § 3420, and substituting therefor provisions granting those branches of the motion; as so modified, the order is affirmed insofar as appealed from, with costs to the appellant.

Andrew Gerhardt, the plaintiff in both actions, was allegedly injured when he lost control of his vehicle because of sand and debris left in a roadway by J & R Salacqua Construction (hereinafter J & R), the defendant in the underlying personal injury action (hereinafter Action No. 1). J & R did not appear in Action No. 1 and a default judgment was entered. J & R's insurance carrier, Zurich American Insurance Companies (hereinafter Zurich), formally disclaimed coverage of J & R, because it had not informed Zurich of the plaintiff's claim until after the plaintiff submitted its motion for a default judgment. However, Zurich did not provide the

plaintiff with written notice of its disclaimer until after the plaintiff sought to collect the judgment from Zurich. Thus, the plaintiff commenced a second action pursuant to Insurance Law § 3420 against Zurich to collect on the judgment (hereinafter Action No. 2). Thereafter, Zurich moved, *inter alia,* to vacate the default judgment in Action No. 1, for leave to appear for J & R therein, and to dismiss the complaint in Action No. 2. The motion was denied and this appeal followed.

In the absence of either a verified complaint or an affidavit by the party setting forth "the facts constituting the claim, the default and the amount due", as required by CPLR 3215 (e), the entry of a default judgment in the personal injury action was erroneous *(see, Income Prop. Consultants v Lumat Realty Corp.,* 88 AD2d 582; *Freccia v Carullo,* 93 AD2d 281). Accordingly, we need not consider issues of excusable default and the presence or absence of meritorious defenses *(see, Income Prop. Consultants v Lumat Realty Corp., supra).* Moreover, the defect in the plaintiff's application for leave to enter a default judgment was not cured by his testimony at an inquest on the issue of damages. Upon learning of its potential liability on the default judgment, Zurich acted with reasonable dispatch in seeking to vacate the default *(cf., Freccia v Carullo, supra; Cashman v Rea,* 126 AD2d 511). Thus, the default judgment is vacated and Zurich is granted leave to appear for J & R in Action No. 1. In light of the foregoing, the complaint in Action No. 2 is dismissed, and the consolidation issue is academic. Thompson, J. P., Rosenblatt, Miller and Copertino, JJ., concur.