■ JOHN MULLINS et al., Respondents, v ALEXANDER DiLORENZO, III, et al., Appellants, et al., Defendants. [606 NYS2d 161] —Order of the Supreme Court, Bronx County (Hansel McGee, J.), entered September 17, 1992, which denied defendants' motion to vacate the order of the same court and Justice, dated September 19, 1991, granting plaintiffs a default judgment and setting the matter down for an inquest on damages, unanimously reversed, on the law, with costs, the motion granted and judgment vacated, on condition that defendants pay to plaintiffs the sum of $500 costs and answer the complaint within 20 days. In the event defendants shall fail to comply with the aforesaid conditions, plaintiffs may proceed to inquest forthwith.

The complaint is verified by plaintiffs' attorney on the ground that plaintiffs resided outside the county of their attorney's practice. It asserts that plaintiff John Mullins tripped and fell on an open cellar gate in front of defendants' premises, which constitute part of the res of a trust created under the last will and testament of Alexander DiLorenzo. Defendant trustees rented the property to Blue Apple Associates which, under the terms of the lease, assumed responsibility for the condition, operation and maintenance of the building, and covenanted to protect and indemnify the landlord from "all liabilities, obligations, claims, damages, penalties, causes of action, costs and expenses" arising out of the tenant's omissions or negligence.

In support of their motion to vacate the default judgment, defendants assert that two copies of the summons and complaint were received by their managing agent on two separate occasions and forwarded, respectively, to Blue Apple Associates and to I. Chera & Sons, assignees under the lease, with correspondence noting the obligation of the lessee to defend and indemnify the trust. No response was received to either communication. In denying their application, Supreme Court emphasized that defendants took no action to protect their rights in this litigation.

It is the general rule that a party seeking to vacate a default judgment must demonstrate both a meritorious defense and a reasonable excuse for the default (CPLR 5015; *see, Marine Off. of Am. Corp. v Regal Accessories,* 162 AD2d 232). Defendants base their claim of a meritorious defense on the grounds that they are landlords out of possession and that the accident occurred on an abutting sidewalk due to negligence of persons not within their control (citing *Conlon v Village of Pleasantville,* 146 AD2d 736, 737; *Balsam v Delma Eng'g Corp.,* 139 AD2d 292, 296-297, *lv dismissed in part and denied in part* 73 NY2d 783). Plaintiffs' opposition to the motion is founded upon defendants' failure to proffer any excuse for their default in appearance.

For the first time on appeal, defendants argue that the papers submitted in support of plaintiffs' application for a default judgment were defective. Defendants concede their "inadvertent" failure to raise the issue before Supreme Court, but assert that this Court should reach the merits of their argument and reverse the order in the interest of justice.

CPLR 3215 (f) provides, in pertinent part: "On any application for judgment by default, the applicant shall file proof of service of the summons and the complaint, or a summons and notice served pursuant to subdivision (b) of rule 305 or subdivision (a) of rule 316, and proof by affidavit made by the party of the facts constituting the claim, the default and the amount due. Where a verified complaint has been served it may be used as the affidavit of the facts constituting the claim and the amount due; in such case, an affidavit as to the default shall be made by the party or his attorney."

This Court has held that a complaint verified by counsel amounts to no more than an attorney's affidavit and is therefore insufficient to support entry of judgment pursuant to CPLR 3215 *(Joosten v Gale,* 129 AD2d 531, 534; *accord, Levi v Oberlander,* 144 AD2d 546, 547; *Colonial Country Club v*

*Village of Ellenville,* 89 AD2d 935). In the absence of either a verified complaint or an affidavit by the party, the entry of judgment by default is erroneous *(Gerhardt v J & R Salacqua Contr. Co.,* 181 AD2d 719) and deemed a nullity *(Income Prop. Consultants v Lumat Realty Corp.,* 88 AD2d 582; *Georgia Pac. Corp. v Bailey,* 77 AD2d 682). Finally, while there is a strong preference in the law that matters be decided on the merits *(see, Stevenson Corp. v Dormitory Auth.,* 112 AD2d 113), defendants' inattention to this matter contraverts the statutory intent that litigation proceed expeditiously. Concur—Ellerin, J. P., Kupferman, Rubin and Nardelli, JJ.