■ FRANK J. FURINO, Respondent, v CORINTHIAN GARAGE CORPORATION, Appellant. (And a Third-Party Action.) [638 NYS2d 316] —In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Kings County (I. Aronin, J.), dated November 10, 1994, which denied its motion for summary judgment.

Ordered that the order is affirmed, with costs.

We agree with the Supreme Court that there are material issues of fact which require a trial *(see,* CPLR 3212 [b]). Rosenblatt, J. P., Sullivan, Copertino, Santucci and Goldstein, JJ., concur.

■ LORENE GOODYEAR, Appellant, v STEVEN WEINSTEIN et al., Respondents. [638 NYS2d 108] —In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Rutledge, J.), dated October 17, 1994, which granted the defendants' motion (1) to vacate an order of the same court dated June 7, 1994, granting the plaintiff's motion for leave to enter a default judgment and for an inquest on the issue of damages and (2) to allow the defendants to interpose an answer.

Ordered that the order is affirmed, with costs.

The record indicates, and the plaintiff does not controvert, that the plaintiff's motion for leave to enter a default judgment was not based on either a verified complaint or an affidavit by a party as required by CPLR 3215 (f). Under these circumstances, entry of a default judgment would be erroneous and the judgment would be a nullity *(see, Gerhardt v Salacqua Contr. Co.,* 181 AD2d 719; *Joosten v Gale,* 129 AD2d 531, 535; *Income Prop. Consultants v Lumat Realty Corp.,* 88 AD2d 582). Accordingly, we need not consider whether the defendants established that they had a reasonable excuse for their default and a meritorious defense *(see, Income Prop. Consultants v Lumat Realty Corp., supra).* O'Brien, J. P., Copertino, Santucci and Krausman, JJ., concur.