■ AUGUSTINE HAZIM, Appellant, v TIBOR WINTER et al., Defendants, and JACOB FLEISCHER, Respondent. [651 NYS2d 149] —In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Kings County (Yoswein, J.), dated June 27, 1995, as denied his motion for leave to enter a default judgment against the defendant Jacob Fleischer and granted that defendant leave to answer the complaint.

Ordered that the order is modified by deleting the last decretal paragraph thereof and substituting therefor the following: "the plaintiff's motion for leave to enter a default judgment against the defendant Jacob Fleischer is denied without prejudice to renewal on proper papers"; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

The plaintiff's motion for leave to enter a default judgment was not based on an affidavit by a party as required by CPLR 3215, (f), but rather on a complaint verified by the plaintiff's attorney. "[A] complaint verified by counsel amounts to no more than an attorney's affidavit and is therefore insufficient to support entry of judgment pursuant to CPLR 3215" (*Mullins v DiLorenzo,* 199 AD2d 218, 219; *see, Goodyear v Weinstein,* 224 AD2d 387; *Feffer v Malpeso,* 210 AD2d 60; *Joosten v Gale,* 129 AD2d 531, 534). "Under these circumstances, entry of a default judgment would be erroneous and the judgment would be a nullity" (*Goodyear v Weinstein, supra,* at 387).

Although the plaintiff has not demonstrated on these papers that he is entitled to a default judgment, the court erred in sua sponte granting leave to defendant Fleischer to serve an answer without the necessary showing of a reasonable excuse for the default and a meritorious defense, and that portion of the order is therefore stricken. The plaintiff may renew his motion for leave to enter a default judgment on proper papers in accordance herewith. Bracken, J. P., Miller, Joy and Krausman, JJ., concur.