■ MICHEL ZELNIK, Respondent, v BIDERMANN INDUSTRIES U.S.A., INC., Defendant, and MAURICE BIDERMANN, Appellant. [662 NYS2d 19] —Order, Supreme Court, New York County (Salvador Collazo, J.), entered December 11, 1996, which denied individual defendant Bidermann's motion to vacate a $3.3 million default judgment against him for defamation of business reputation, reversed, on the law, without costs, the motion granted, the judgment vacated, and said defendant directed to answer or move with respect to the complaint not later than 20 days after service of a copy of this order with notice of entry.

We have no argument with our colleagues who find proper service of the summons and complaint and no meritorious excuse for the default. However, judgment by default further requires "proof by affidavit made by the party of the facts constituting the claim, the default and the amount due", or at least a verified complaint (CPLR 3215 [f]; *Goodyear v Weinstein*, 224 AD2d 387). This minimal requirement is necessary to assure the court that the action has a jurisdictional basis (7 Weinstein-Korn-Miller, NY Civ Prac ¶ 3215.29). Plaintiff's affidavit of merit on this claim is deficient because it is wholly on information and belief, without the slightest reference to the source of the information or the grounds for the belief. Absent from the record is any verification to plaintiff's complaint.

Furthermore, the proof offered at the inquest was wholly insufficient to sustain the judgment entered thereon. The alleged publication of the defamatory matter was supported solely by an unsigned report from a private investigative agency, summarizing a telephone conversation between the individual defendant and the investigator, who was posing as an employment agent interested in plaintiff's services. No judgment, even in a small claims action, can rest entirely on hearsay evidence (*see, Herstand & Co. v Gallery: Gertrude Stein, Inc.*, 211 AD2d 77, 83).

Further tainting the inquest was the fact that 90% of the damages enumerated and awarded on default against the individual defendant was comprised of lost compensation, which was really the subject of the claim for breach of employment contract. That cause of action was alleged solely against the corporate defendant, from whom no relief is sought herein. Concur—Murphy, P. J., Wallach and Andrias, JJ.

Rubin and Tom, JJ., concur in part and dissent in part in a memorandum by Rubin, J., as follows: The individual defendant, Maurice Bidermann, appeals from the denial of his motion to vacate a default judgment (CPLR 5015 [a]; 317) entered against him following inquest before the court (CPLR 3215 [b]). While the motion does not state the specific basis upon which relief from the judgment is sought, it is apparent that the application is predicated on CPLR 5015 (a) (1).

There is no disagreement among the members of this panel that appellant was properly served with the pleadings in this case and that he actually received these and all other notices in the action. Therefore, there is no question that Supreme Court acquired jurisdiction over appellant or that appellant employed default as a deliberate tactic. As a result, appellant can offer no excuse for his failure to appear in answer to the

complaint against him. However, the Court is also agreed that the default judgment entered against appellant is defective because it includes damages that are neither sought nor recoverable from the individual defendant. The question dividing the Court is the basis for vacatur and the consequent relief to be afforded. Its resolution depends on the proof that the Court may consider in deciding whether plaintiff has presented a prima facie case upon which a default judgment may be entered.

The complaint states causes of action for defamation and breach of an employment agreement. Plaintiff seeks damages for injury to his professional reputation from both the individual and corporate defendants, but asserts the claim for breach of contract only against the corporate defendant, Bidermann Industries. The judgment entered by Supreme Court, however, does not separately state an award of damages for each cause of action.

It is settled law that "a corporation exists independently of its owners, as a separate legal entity, that the owners are normally not liable for the debts of the corporation, and that it is perfectly legal to incorporate for the express purpose of limiting the liability of the corporate owners" (*Matter of Morris v New York State Dept. of Taxation & Fin.*, 82 NY2d 135, 140). It is clear from the record that the bulk of the damages awarded to plaintiff by Supreme Court are for breach of the employment contract with the corporate defendant. However, no ground is advanced for piercing the corporate veil, and there is absolutely no basis for rendering judgment on this cause of action against the individual defendant (CPLR 3215 [b]; *Green v Dolphy Constr. Co.*, 187 AD2d 635, 637).

The record reveals that plaintiff's motion for leave to enter judgment on default was served by mail upon the individual defendant at his Park Avenue residence on August 23, 1995. An affidavit from an employee who handled appellant's mail states that legal papers were given to him the day after Labor Day. Plaintiff's application was accompanied by his affidavit of merits, which recited the acts alleged to have caused injury to his professional reputation "on information and belief". By order entered September 17, 1995, Supreme Court (Leland DeGrasse, J.), granted the motion on default and directed an assessment of damages.

At the inquest, conducted in February 1996, several copies of articles that appeared in trade publications were received into evidence together with a letter from an investigator. Plaintiff gave testimony as did Pearl Cheng, an employee of the

corporate defendant, who stated that, in August 1995, appellant insisted that she make inquiries concerning alleged misconduct by plaintiff involving business contacts in the Orient. She stated that, after speaking with four people in Hong Kong, she was unable to discover any source of plaintiff's rumored misdeeds other than appellant. Based upon this evidence, Supreme Court awarded damages on the defamation claim for suffering and mental distress in the amount of $250,000 together with punitive damages of $100,000. Final judgment was entered March 1, 1996 in favor of plaintiff against appellant in the amount of $3,338,400 plus interest, representing damages for defamation and breach of the employment agreement.

The grounds advanced by appellant in his motion to vacate the default judgment against him are those set forth in CPLR 5015 (a) (1). On this appeal, he contends that his default was excusable and that "the defamation action is frivolous". He raises the defenses of the Statute of Limitations, lack of specificity, opinion, absence of common-law malice and failure to allege actual malice (on the ground that plaintiff is allegedly a public figure).

Simply stated, in the absence of a reasonable excuse for appellant's default, a defense to the merits of the action does not constitute a basis for vacating a default judgment (CPLR 5015 [a] [1]). Certainly, appellant might argue that his direction to an investigator, in August 1995, to make inquiries into "funny business" by plaintiff in Hong Kong (which the investigator understood to mean the solicitation of bribes) was a legitimate inquiry and not a stratagem employed with the intent to induce negative speculation for the purpose of ruining plaintiff's business reputation. However, by his deliberate failure to answer, appellant is deemed to have admitted this and all other traversable allegations contained in the complaint, by which is meant, in its classical exposition, that "he has admitted the cause of action by failing to answer and plaintiff is entitled, in any event, to nominal damages" (*McClelland v Climax Hosiery Mills*, 252 NY 347, 351). All that the current statute adds to this common-law expression is the requirement that the plaintiff make out a prima facie case before proceeding to establish the amount of his damages (*see, Silberstein v Presbyterian Hosp.*, 96 AD2d 1096 ["a default admits all factual allegations of the complaint and all reasonable inferences therefrom"]). In the absence of any excuse for appellant's default, he cannot meet the criteria for vacating a default judgment set forth in CPLR 5015 (a) (1), and his assertion of a meritorious defense to plaintiff's action is simply unavailing.

The term "traversable allegation" does not encompass any assertion regarding the extent of plaintiff's damages. However, the record in this matter indicates that, despite his failure to appear, Mr. Bidermann received notice of the assessment (CPLR 3215 [g]). He has therefore been afforded the opportunity to appear and contest the damages at inquest (*Reynolds Sec. v Underwriters Bank & Trust Co.*, 44 NY2d 568). In accordance with this Court's opinion in *Boorman v Deutsch* (152 AD2d 48, 55, *lv dismissed* 76 NY2d 889), cited by appellant in support of his position, modification of the amount awarded is properly sought by way of a motion to resettle, not vacate, the judgment. Relief is appropriately limited to remanding the matter for an assessment of damages and does not extend to permitting appellant to interpose an answer and defend the action on the merits, thus relieving him from the consequences of his default.

Based upon the points raised on the motion to vacate the default judgment and a review of the record, it cannot be said that Supreme Court improvidently exercised its discretion in denying the relief requested by defendant pursuant to CPLR 5015 (a) (1). The statute permits a defaulting defendant to answer and contest the action on the merits where failure to appear is the result of a lack of service or other valid excuse. Nothing in this provision indicates that it was intended to afford relief where default is utilized as a deliberate tactical ploy. To the contrary, the requirement that the default be excusable together with the provision that a court may vacate a judgment "upon such terms as may be just" (*ibid.*) balance the interests of the defendant in avoiding the consequences of an inadvertent default against those of the plaintiff and the court, which have expended time and resources in bringing the case to judgment. To permit a defendant who has utilized default as a deliberate tactic to litigate the merits of the action simply rewards dilatory conduct and promotes disrespect for the legal process of the State and its courts. It imposes an obvious burden on the plaintiff and represents an unnecessary drain on scarce judicial resources. The statutory purpose is not advanced unless the courts pursue a policy that the defendant who ignores judicial process does so at his peril.

For the first time on appeal, defendant offers an additional ground for vacating the default judgment against him. In his reply brief, he contends that plaintiff's allegations, in both the complaint and the affidavit of merits, with respect to the defamation claim are deficient because they are stated to have been made "on information and belief". He contends that the

complaint is deficient on its face and that "the evidence adduced at inquest added nothing." He concludes that the court "had a duty to dismiss the complaint because plaintiff failed to set forth a prima facie case for a valid cause of action" (citing *Green v Dolphy Constr. Co., supra*).

This Court has, on numerous occasions, stated that a contention raised for the first time in reply papers is not cognizable (*e.g., Scherrer v Time Equities*, 218 AD2d 116, 120; *Lumbermens Mut. Cas. Co. v Morse Shoe Co.*, 218 AD2d 624, 626; *Azzopardi v American Blower Corp.*, 192 AD2d 453, 454 [quoting *Ritt v Lenox Hill Hosp.*, 182 AD2d 560, 562]; *Dannasch v Bifulco*, 184 AD2d 415, 416-417). Nor may an argument not presented to the court of original instance be raised for the first time on appeal. The propriety of any disposition must be reviewed in respect of the arguments actually presented to the court on the application subject to review, not on the basis of some novel proposition (*Recovery Consultants v Shih-Hsieh*, 141 AD2d 272, 276, citing *Huston v County of Chenango*, 253 App Div 56, 60-61, *affd* 278 NY 646). Therefore, I conclude that appellant's contention is not properly before us.

The majority, however, is unconcerned with the lateness of appellant's revelation because they consider the judgment to be a "nullity". They reason that, pursuant to CPLR 3215 (f), "judgment by default further requires 'proof by affidavit made by the party of the facts constituting the claim'". Because the affidavit in support of plaintiff's motion for leave to proceed to inquest was made on information and belief, they conclude that, ipso facto, the judgment is defective. In support of this proposition, they cite the decision of the Appellate Division, Second Department in *Goodyear v Weinstein* (224 AD2d 387), which relies on a line of cases culminating in *Gerhardt v Salacqua Contr. Co.* (181 AD2d 719). I find plaintiff's proof, while not overwhelming, at least adequate to state a prima facie case. I am therefore unable to concur that a deficiency in a single item of proof requires the Court to ignore the totality of the evidence of record.

The object of an inquest is twofold: to satisfy the court that "'the cause of action is substantial and bona fide'" (7 Weinstein-Korn-Miller, NY Civ Prac ¶ 3215.28, quoting 15 NY Jud Council Report 315 [1949]) and to determine the extent of the plaintiff's damages. "Where a valid cause of action is not stated, the party moving for judgment is not entitled to the requested relief, even on default" (*Green v Dolphy Constr. Co., supra*, at 636). With respect to the quantum of proof necessary to support a judgment entered following inquest, this Court

has stated, "The standard of proof is not stringent, amounting only to some firsthand confirmation of the facts" (*Joosten v Gale*, 129 AD2d 531, 535). However, in the case of *Mullins v DiLorenzo* (199 AD2d 218, 219), we held that where the *only* evidence supporting entry of a default judgment is a verified complaint, the judgment must be vacated if the complaint is verified by an attorney and not by the plaintiff (citing *Joosten v Gale, supra*, at 534).

In *Mullins (supra)*, the defendants appealed from the denial of their motion to vacate an order granting the plaintiffs a default judgment as to liability and setting the matter down for an inquest on damages. It is clear from the disposition in the case that no inquest had been conducted and, on appeal, the defendants specifically asserted that "the papers submitted in support of plaintiffs' application for a default judgment were defective" (*Mullins v DiLorenzo, supra*, at 219). Under those circumstances, we stated: "In the absence of either a verified complaint or an affidavit by the party, the entry of judgment by default is erroneous (*Gerhardt v J & R Salacqua Contr. Co.*, 181 AD2d 719) and deemed a nullity (*Income Prop. Consultants v Lumat Realty Corp.*, 88 AD2d 582; *Georgia Pac. Corp. v Bailey*, 77 AD2d 682)." (*Supra,* at 220.)

Nothing in *Mullins (supra)*, however, suggests that a default judgment should be considered a nullity where a deficient affidavit or defective verified complaint is supplemented by proof before the court at inquest establishing the elements of a prima facie case. Nor does the language of CPLR 3215 (f) require such a result. According to the statute, an affidavit of merits is required to be furnished upon the "application for judgment by default" and, as stated by one commentator, "assists the court in ascertaining whether there is a proper jurisdictional basis for the action as well as whether the cause of action is in fact valid" (7 Weinstein-Korn-Miller, NY Civ Prac ¶ 3215.29).

The matter at bar is readily distinguishable from *Mullins (supra)* in that the inquest has been conducted and judgment has been entered. Furthermore, unlike *Mullins*, appellant does not contend that Supreme Court erred in granting plaintiff leave to proceed to inquest, but rather argues that the judgment must be vacated because the proof received is insufficient to make out a prima facie case.

In *Gerhardt v Salacqua Contr. Co.* (181 AD2d 719, 720, *supra*), the Appellate Division, Second Department suggested that the absence of an adequate affidavit is fatal because "the defect in the plaintiff's application for leave to enter a default judgment was not cured by his testimony at an inquest on the

issue of damages." The facts of *Gerhardt* are unusual in that it involved two actions, and the motion under review was brought by defendant's insurer in the second action to vacate the default judgment entered against the defendant in the first action. Moreover, unlike *Mullins* (*supra*), the propriety of the grant of leave to proceed to inquest was not before the Court, which nevertheless seems to have elevated the deficiency in the application for leave to the status of a defect in jurisdiction to render judgment (CPLR 5015 [a] [4]). Thus, the Court concluded, "we need not consider issues of excusable default and the presence or absence of meritorious defenses" (*supra,* at 720, citing *Income Prop. Consultants v Lumat Realty Corp.*, 88 AD2d 582, *supra*). This holding suggests that a motion court abuses its discretion by granting an application to proceed to inquest on default, rather than undertaking a *sua sponte* analysis of the affidavit of merits on behalf of the defaulting defendant. In the matter at bar, it would require the court to assume the awkward role of advocate for a defendant who has deliberately chosen not to appear to represent his own interests.

I have no quarrel with the proposition that a motion for leave to proceed to inquest is open to an attack for insufficiency if it is supported only by an affidavit made on information and belief that fails to state either the source of the information conveyed or the basis for belief in its accuracy. However, the appropriate time to raise such an objection is in opposing papers, not in the reply brief on appeal from an order denying an application to vacate the judgment pursuant to CPLR 5015 (a) (1). Where, as here, a defendant has received notice of the application for leave to proceed to inquest and failed to appear on the motion, he should not be heard to belatedly complain that it was granted on default.

Jurisdiction over the subject matter of the action and over the person of the defendant are not at issue in this case, and the resulting default judgment is not assailable on such grounds (CPLR 5015 [a] [4]). Unlike the defendants in *Mullins* (*supra*), appellant does not explicitly contend that Supreme Court erred in granting plaintiff's application to proceed to inquest on the basis of an insufficient affidavit of merits. Thus, any shortcomings in the affidavit bear only on plaintiff's demonstration of the merits of his action, that is, on the proof of a prima facie case (*Green v Dolphy Constr. Co., supra,* at 636; *Joosten v Gale, supra,* at 535). As noted, the testimony taken from plaintiff and others together with the exhibits received into evidence support plaintiff's prima facie contention that he

sustained injury to his professional reputation. Therefore, I conclude that the proof is sufficient to make out a prima facie case of defamation and that the judgment entered by default should stand as to liability.

Accordingly, the individual defendant's motion to vacate the default judgment should be granted to the extent of remanding the matter to Supreme Court for an assessment of damages, judgment to stand as security.