■ GIEZI S. HENRIQUEZ, an Infant, by His Father and Natural Guardian, JOSE HENRIQUEZ, et al., Plaintiffs, v BRUNO PURINS, Defendant and Third-Party Plaintiff-Respondent. JOSE A. MENDOZA et al., Third-Party Defendants-Appellants. [666 NYS2d 190] —In an action to recover damages for negligence, the third-party defendants appeal from an order of the Supreme Court, Nassau County (DeMaro, J.), dated July 10, 1996, which granted the third-party plaintiff's motion for leave to enter a judgment upon the third-party defendants' default

in answering the third-party complaint and denied their cross application for leave to interpose an answer.

Ordered that the order is modified, on the law, by deleting the provision thereof which granted the third-party plaintiff's motion for leave to enter a default judgment, and substituting therefor a provision denying the motion; as so modified, the order is affirmed.

CPLR 3215 (f) provides in pertinent part as follows: "On any application for judgment by default, the applicant shall file proof * * * by affidavit * * * made by the party of the facts constituting the claim, the default and the amount due. *Where a verified complaint has been served* it may be used as the affidavit of the facts" (emphasis added).

It is undisputed that the the third-party plaintiff, Bruno Purins, failed to submit an affidavit of facts in conjunction with his motion for leave to enter a default judgment under CPLR 3215. It is also undisputed that at the time the complaint was served upon the third-party defendants, it was not verified. Purins' belated attempt to render that complaint verified by furnishing a "verification" to the court, after the motion for leave to enter a default judgment had been submitted, does not satisfy the criteria of CPLR 3215 (f), especially since there is no proof that this verification was ever served upon the third-party defendants. In any event, since Purins' verification was premised solely upon "information and belief", the complaint remained unverified and as such it was insufficient to support the entry of a default judgment (*see, Zelnik v Bidermann Indus.,* 242 AD2d 227; CPLR 3215 [f]). Accordingly, in the absence of either a verified complaint or an affidavit by Purins, leave to enter a default judgment pursuant to CPLR 3215 should not have been granted (*see, Hazim v Winter,* 234 AD2d 422; *Goodyear v Weinstein,* 224 AD2d 387; *Mullins v DiLorenzo,* 199 AD2d 218, 220; *Joosten v Gale,* 129 AD2d 531).

Although the third-party plaintiff Purins has not shown on these papers that he is entitled to a default judgment, nevertheless, there is no basis to grant the third-party defendants leave to interpose a late answer since they have not demonstrated a reasonable excuse for their default or a meritorious defense (*see, Dowling Textile Mfg. Co. v Land,* 179 AD2d 621). Purins may renew his motion for leave to enter a default judgment upon proper papers (*see, Hazim v Winter, supra*). Pizzuto, J. P., Santucci, Joy and Florio, JJ., concur.