■ FELDMAN WOOD PRODUCTS CO., INC., Appellant, v CHARLES H. GEIGER et al., Respondents. [704 NYS2d 486] —In an action to recover damages for fraud and tortious interference with contract, the plaintiff appeals from an order of the Supreme Court, Nassau County (Levitt, J.), dated September 22, 1998, which granted the defendants' motion to dismiss the complaint.

Ordered that the order is affirmed, with costs.

We agree with the Supreme Court that the plaintiff's allegations, even if true, failed to set forth the requisite elements to support viable claims to recover damages for fraud or tortious interference with contract (*see generally, Murtha v Yonkers Child Care Assn.,* 45 NY2d 913, 915; *EDP Hosp. Computer Sys. v Bronx-Lebanon Hosp. Ctr.,* 212 AD2d 570; *Strasser v Prudential Sec.,* 218 AD2d 526, 527; *Glenn Partition v Trustees of Columbia Univ.,* 169 AD2d 488, 489). Mangano, P. J., Ritter, Joy, McGinity and Smith, JJ., concur.

■ LESLEY E. FINNEGAN, Appellant, v KAREN C. SHEAHAN, Respondent, et al., Defendant. [703 NYS2d 734] —In an action to recover child support arrears, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Suffolk County (Jones, J.), dated February 10, 1999, as, upon reargument, adhered to its prior determination dated February 5, 1998, denying her motion for leave to enter a default judgment against the defendant Karen C. Sheahan and dismissing the complaint against that defendant.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff's motion for leave to enter a judgment upon the respondent's default in answering was not based on an affidavit by a party with knowledge of the underlying facts as required by CPLR 3215 (f). Rather, the motion was based on a complaint verified only by the plaintiff's attorney. The Supreme Court therefore properly denied the motion (*see, Hazim v Winter,* 234 AD2d 422; *Mullins v DiLorenzo,* 199 AD2d 218).

In light of our determination, we need not reach the plaintiff's remaining contentions. Mangano, P. J., Santucci, Krausman, Florio and Schmidt, JJ., concur.