THERESA GRAINGER, Respondent, v LEROY WRIGHT, Appellant. [713 NYS2d 182] —In an action to recover damages for personal injuries, the defendant appeals from (1) an order of the Supreme Court, Kings County (Garry, J.), dated August 16, 1999, which denied his motion to vacate an order of the same court, dated December 1, 1997, granting the plaintiff's motion for leave to enter judgment against him upon his default in answering the complaint, and for leave to interpose a late answer, and (2) an amended judgment of the same court entered June 14, 2000, which is in favor of the plaintiff and against him in the principal sum of $135,000.

Ordered that the defendant's notice of appeal from a judgment dated October 17, 1999, is deemed a premature notice of appeal from the amended judgment entered June 14, 2000 (*see,* CPLR 5520 [c]); and it is further,

Ordered that the appeal from the order is dismissed, without costs or disbursements; and it is further,

Ordered that the amended judgment is reversed, on the law, without costs or disbursements, and the order dated August 16, 1999, is modified by (1) deleting the provision thereof denying that branch of the defendant's motion which was to vacate the order dated December 1, 1997, and substituting therefor a provision granting that branch of the motion, and (2) adding a provision thereto granting leave to the plaintiff to renew her motion for leave to enter a default judgment on proper papers; as so modified, the order is affirmed and the judgment dated October 17, 1999, is vacated.

The appeal from the intermediate order must be dismissed

because the right of direct appeal therefrom terminated with the entry of the amended judgment in the action (*see, Matter of Aho,* 39 NY2d 241, 248). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the amended judgment (*see,* CPLR 5501 [a] [1]).

Although the amended judgment entered June 14, 2000, was entered upon the defendant's default, appellate review of the order dated August 16, 1999, is not precluded since the defendant may obtain review of "matters which were the subject of contest below" (*James v Powell,* 19 NY2d 249, 256, n 3).

The present action was commenced by the filing of a summons and complaint on March 21, 1997. The defendant was served with a summons and complaint on March 31, 1997, and proof of service was filed on April 8, 1997, within 120 days of the initial filing. There is no claim that service was defective.

The defendant failed to timely answer the complaint. Thereafter, the plaintiff moved for leave to enter a judgment upon the defendant's default. The defendant was aware of that motion, and in fact appeared in the Supreme Court (without counsel) on one occasion in connection with the motion. The motion was granted without opposition on December 1, 1997. After an inquest on damages, the Supreme Court awarded the principal sum of $135,000 to the plaintiff.

On August 24, 1998, the defendant moved to vacate the order dated December 1, 1997, and for leave to interpose a late answer. However, no valid excuse for the lengthy delay in moving to vacate the default in answering was offered. This motion was denied by order dated August 16, 1999. The defendant now appeals both from this order, and from the amended judgment entered in the action.

We agree with the defendant that the plaintiff's motion for leave to enter a judgment upon his default in answering was technically defective because there was an absence of proof of the underlying claim in compliance with CPLR 3215 (f) (*see, Hazim v Winter,* 234 AD2d 422; *Mullins v DiLorenzo,* 199 AD2d 218, 219). However, while this circumstance may warrant the vacatur of the amended judgment, it does not warrant granting the defendant leave to interpose a late answer (*see, Henriquez v Purins,* 245 AD2d 337). Based on the present record, the defendant is not entitled to be excused from the consequences of his default, and the plaintiff is granted leave to renew her application for leave to enter a default judgment against him on proper papers (*see, Henriquez v Purins, supra*). Bracken, J. P., Joy, Thompson, Goldstein and Feuerstein, JJ., concur.