■ Celia Bass, Respondent, v Phyllis Wexler et al., Appellants. [715 NYS2d 873] —In an action to recover damages for

personal injuries, the defendants appeal from an order of the Supreme Court, Kings County (Jackson, J.), dated October 18, 1999, which denied their motion to vacate a judgment of the same court, entered January 19, 1999, upon their failure to appear.

Ordered that the order is affirmed, with costs.

The plaintiff commenced this action against the defendants seeking to recover damages for personal injuries. After the defendants failed to timely answer or appear, a judgment was entered against them. The defendants thereafter moved to vacate the judgment, arguing, *inter alia*, that they had both a reasonable excuse for their default and a meritorious defense to the action (*see,* CPLR 5015 [a] [1]). They further argued that the plaintiff's motion to be granted a judgment upon their default was not supported by an affidavit of the facts or a complaint verified by a party with personal knowledge of the facts, as required by CPLR 3215 (f) (*see, Grainger v Wright,* 274 AD2d 549; *Henriquez v Purins,* 245 AD2d 337). In the order appealed from, the Supreme Court denied the motion to vacate. We affirm.

Contrary to the defendants' contention, they failed to offer a reasonable excuse for their default. Thus, the court properly denied their motion to vacate pursuant to CPLR 5015 (a) (1) (*see, Booth v Hawk Contrs.,* 259 AD2d 577). Further, on the facts presented, particularly the advanced age of the plaintiff, the denial of the motion was a provident exercise of the court's discretion to consider such relief in the interest of justice (*see, F & C Gen. Contrs. Corp. v Atlantic Mut. Mtge. Corp.,* 202 AD2d 629; *Lane v Lane,* 175 AD2d 103). To the extent that our decisions in *Hazim v Winter* (234 AD2d 422) and *Goodyear v Weinstein* (224 AD2d 387) described each of the default judgments therein as a "nullity" and subject to vacatur as such, they should not be followed (*see, Freccia v Carullo,* 93 AD2d 281).

The defendants' remaining contentions are without merit. Ritter, J. P., H. Miller, Feuerstein and Smith, JJ., concur.