*54 OPINION OF THE COURT
Memorandum.
Order insofar as appealed from unanimously modified by providing that the denial of plaintiffs’ motion for leave to enter a default judgment is without prejudice to plaintiffs renewing their motion upon proper papers within 30 days of the date of the order entered hereon and by denying defendant’s cross motion in its entirety; as so modified, affirmed without costs.
In this action to recover assigned first-party no-fault benefits, following defendant’s default in answering the complaint, plaintiffs moved for leave to enter a default judgment. In support of its cross motion to open the default, defendant offered, as its excuse, the inadvertent failure to alert its counsel as to the action’s pendency. On the facts herein, including defendant’s admitted three months’ failure to process the complaint, defendant’s intervening neglect of plaintiffs’ notice of their intent to seek leave to enter a default judgment, and defendant’s unexplained several months’ delay in moving to vacate the default and to compel acceptance of the answer, we find the excuse insufficient. The Appellate Division, Second Department, has generally disapproved of insurance office failure as an excuse to vacate defaults (see e.g. Kaplinsky v Mazor, 307 AD2d 916 [2003]; Meggett v Gibson, 302 AD2d 372, 373 [2003]; Kachar v Berlin, 296 AD2d 479 [2002]; Miles v Blue Label Trucking, 232 AD2d 382, 383 [1996]; cf. Hayes v Maher & Son, 303 AD2d 1018 [4th Dept 2003]; Barajas v Toll Bros., 247 AD2d 242 [1st Dept 1998]).
However, the court properly denied plaintiffs’ motion for leave to enter a default judgment. The motion required, in addition to the supplied proof of the default, “proof by affidavit made by the party of the facts constituting the claim . . . and the amount due” (CPLR 3215 [f|; Drake v Drake, 296 AD2d 566 [2002]; Goodyear v Weinstein, 224 AD2d 387 [1996]). While an attorneyverified complaint may suffice, the instant complaint verified by “plaintiff’s” counsel, did not set forth the basis of counsel’s personal knowledge of the facts asserted therein (Joosten v Gale, 129 AD2d 531, 534 [1987]; A.B. Med. Servs. v CNA Ins. Co., 2 Misc 3d 138[A], 2004 NY Slip Op 50265[U] [App Term, 2d & 11th Jud Dists 2004]), absent which the complaint was “insufficient to support entry of judgment pursuant to CPLR 3215” (Hazim v Winter, 234 AD2d 422 [1996] [internal quotation marks omitted]; Mullins v DiLorenzo, 199 AD2d 218, 219 [1993]). Plaintiffs’ sole affidavit in support of the motion, by a *55 person identified only as an “officer of plaintiff,” did not establish the basis of the affiant’s knowledge of the facts as to either of the named plaintiffs which, according to the claim forms, have different business addresses and operate under different ownerships.
We note that plaintiffs, should they be so advised, may renew their motion for leave to enter a default judgment upon proper papers within 30 days of the date of the order entered hereon (see Henriquez v Purins, 245 AD2d 337, 338 [1997]; Hazim v Winter, 234 AD2d 422 [1996], supra).
Pesce, P.J., Aronin and Patterson, JJ., concur.