*210 OPINION OF THE COURT
Peter H. Mayer, J.
It is ordered that the motion by the plaintiff for an order of reference in this mortgage foreclosure action is denied, with leave to renew upon proper papers, which comply with the requirements set forth in CPLR 3215 (f), including, but not limited to, an affidavit of merit by a party, as well as proof of proper assignments of the subject mortgage, sufficient to establish the plaintiffs ownership rights and proper standing at the time the action was commenced; and it is further ordered that the movant shall serve a copy of this order upon all appearing parties, or their attorney(s) if represented by counsel, within 20 days after the date of this order pursuant to CPLR 2103 (b) (1), (2) or (3), and shall thereafter file the affidavit(s) of service with the clerk of the court; and it is further ordered that a copy of this order and proof of service of same shall be annexed as exhibits to any motion to renew.
With regard to the proof necessary on an application for judgment by default, CPLR 3215 (f) states, in relevant part, that
“[o]n any application for judgment by default, the applicant shall file proof of service of the summons and the complaint . . . and proof of the facts constituting the claim, the default and the amount due by affidavit made by the party . . . Where a verified complaint has been served, it may be used as the affidavit of the facts constituting the claim and the amount due; in such case, an affidavit as to the default shall be made by the party or the party’s attorney.”
In a judgment of foreclosure proceeding, an order of reference is simply a preliminary step toward obtaining such a default judgment (Home Sav. of Am., F.A. v Gkanios, 230 AD2d 770 [2d Dept 1996]).
In support of the plaintiffs motion, counsel submits an affidavit of purported facts by Andrew Goldberg, who alleges to be the attorney-in-fact for the plaintiff. Mr. Goldberg, however, is not a party to this action and there is no evidence that he is authorized to act on behalf of the plaintiff for purposes of satisfying the proofs required by statute. Without an affidavit by the plaintiff regarding the facts constituting the claim and amounts due or, in the alternative, an affidavit by the plaintiff that its agent has the authority to set forth such facts and amounts due, the statutory requirements of CPLR 3215 (f) are not satis *211 fied. Likewise, without either a proper affidavit by the party or a complaint verified by the party, not merely by an attorney with no personal knowledge, the entry of judgment by default is erroneous (see, Peniston v Epstein, 10 AD3d 450 [2d Dept 2004]; Grainger v Wright, 274 AD2d 549 [2d Dept 2000]; Finnegan v Sheahan, 269 AD2d 491 [2d Dept 2000]; Hazim v Winter, 234 AD2d 422 [2d Dept 1996]; Mullins v DiLorenzo, 199 AD2d 218 [1st Dept 1993]). Therefore, the plaintiff’s motion must be denied.
Even if the plaintiff did have an attorney-in-fact for purposes of satisfying the requirements of CPLR 3125 (f), after reviewing Mr. Goldberg’s affidavit, the court is unable to ascertain who that attorney-in-fact actually is, and on whose behalf Mr. Goldberg actually executed the affidavit. In the first paragraph of his affidavit, Mr. Goldberg, himself, is identified as the attorney-in-fact for the plaintiff. His signature on the affidavit, however, suggests that Mr. Goldberg may have executed the affidavit with apparent authority for another purported attorney-in-fact. In this regard, listed above Mr. Goldberg’s signature is “U.S. Bank National Association, as Trustee, By Barclays Capital Real Estate Inc. dba HomEq Servicing, attorney in fact” (Barclays/HomEq Servicing). In addition to Mr. Goldberg’s signing for Barclays/HomEq Servicing, it appears that he also executed the affidavit with apparent authority for yet another attorney-in-fact, plaintiffs own counsel, Rosicki, Rosicki & Associates, EC. The Rosicki firm is listed as attorney-in-fact below Mr. Goldberg’s signature. In essence, therefore, it appears that Mr. Goldberg executed the subject affidavit on his own behalf, on behalf of Barclays/HomEq Servicing, and on behalf of Rosicki, Rosicki & Associates, EC., all as purported attorneys-in-fact for the same plaintiff, in the same foreclosure proceeding. In any event, none of the purported attorneys-in-fact are parties to this action and there is no evidence that any are authorized to act on behalf of the plaintiff for purposes of satisfying the proofs required by statute (CFLR 3215 [f]).
Questions regarding the validity of the alleged mortgage assignments also preclude granting of judgment for the plaintiff. In this regard, the moving papers establish that the original lender stated in the subject January 5, 2005 mortgage (No. 0069985638-9604) was Argent Mortgage Company, LLC. The mortgage was then purportedly assigned by Argent to Ameriquest Mortgage Company, by assignment dated January 5, 2005. By another assignment, dated January 5, 2005, the *212 mortgage was then allegedly assigned by Ameriquest to the plaintiff.
Both assignment forms include handwritten insertions and modifications to the form. For example, the original mortgage loan number (No. 0069985638-9604), which was typewritten at the top of each assignment, has been crossed out by hand on both assignments, thereby raising questions as to whether or not these assignments are applicable to the subject mortgage. Furthermore, both assignments were apparently executed simultaneously by the same individual, as the purported agent for both assignors. First, the assignment from Argent to Ameriquest was executed by Jose Burgos as agent for Argent. On the same date, however, the purported assignment from Ameriquest to the plaintiff was also executed by Mr. Burgos, this time as agent for Ameriquest. In effect, the mortgage was purportedly assigned by Mr. Burgos to Mr. Burgos, and then, in turn, by Mr. Burgos to the plaintiff.
The moving papers contain no proof that Mr. Burgos had either entity’s authority to act in a dual agency capacity. Therefore, the court is unable to conclude that the assignments were validly executed, or that the plaintiff had an ownership interest in the subject mortgage at the time of the filing of this action. Since a party has no foundation in law or fact to foreclose upon a mortgage without establishing its legal or equitable interest, the plaintiffs motion must be denied (Katz v East-Ville Realty Co., 249 AD2d 243 [1st Dept 1998]). Foreclosure of a mortgage may not be brought by one who has no title to it and absent an effective transfer of the debt, the assignment of the mortgage is a nullity (Kluge v Fugazy, 145 AD2d 537 [2d Dept 1988]).
Based on the foregoing, the plaintiff has failed to establish that it has standing as a plaintiff in this matter. As a result, the court is unable to conclude that the affidavit in support of the motion from the plaintiffs purported attorney-in-fact is, in fact, a proper party affidavit as required by CPLR 3215 (f). Therefore, the motion is denied, as the entry of judgment under these facts would be error (see, Peniston v Epstein, 10 AD3d 450 [2d Dept 2004]; Grainger v Wright, 274 AD2d 549 [2d Dept 2000]; Finnegan v Sheahan, 269 AD2d 491 [2d Dept 2000]; Hazim v Winter, 234 AD2d 422 [2d Dept 1996]; Mullins v DiLorenzo, 199 AD2d 218 [1st Dept 1993]).