Weitsman Shredding, LLC, Appellant,
against
Carbone Industries, Inc., Doing Business as Middletown Auto Wreckers, Respondent.




Weitsman Shredding, LLC, James M. Land, Chief Operating Officer, for appellant.
Levinson, Reineke & Ornstein, P.C. (Stephen L. Reineke, Esq.), for respondent (no brief filed).

Appeal from a judgment of the City Court of Middletown, Orange County (Robert F. Moson, J,), entered September 18, 2015. The judgment, after a nonjury trial, dismissed the action.




ORDERED that the judgment is affirmed, without costs.
Plaintiff commenced this commercial claims action to recover $4,355.19 it had paid defendant for the purchase of bales of scrap metal.
At a nonjury trial, plaintiff, which is in the business of purchasing scrap metal and reselling it, established that it had paid $15,000, in advance, to purchase bales of scrap metal from defendant. However, plaintiff's witness testified that, after defendant delivered the bales, it was discovered that many of the bales of scrap metal contained debris consisting of, among other things, dirt, rubber, wood and snow, thereby improperly increasing the purchase price of the bales that were being sold based on their weight. As a result, plaintiff sought a refund of $4,355.19. Plaintiff's witness submitted various "tickets" that plaintiff had generated after the bales of scrap metal were brought to its yard, indicating the delivery dates and the weights of the bales. Plaintiff's witness acknowledged that he had not personally generated these tickets, and he did not have personal knowledge of the debris allegedly found in the bales of scrap metal at issue. Plaintiff's witness relied on what he referred to as affidavits that were attached to the "tickets" to establish the amount of debris found in each bale of scrap metal. Defendant's witness [*2]testified that it is customary for defendant to make credit adjustments to customers when bales of scrap metal contain debris, and that defendant had credited plaintiff's account in prior transactions when such debris had been discovered in bales of scrap metal. However, defendant's witness asserted that the amount plaintiff is seeking in this action as a refund, based upon the total bales that had been sold to plaintiff, is unfounded. Following the trial, the City Court dismissed the action on the ground that plaintiff had failed to establish its claim. 
On appeal, plaintiff contends that the evidence was sufficient to establish its claim for a refund in the sum of $4,355.19.
In a commercial claims action, our review is limited to a determination of whether "substantial justice has . . . been done between the parties according to the rules and principles of substantive law" (UCCA 1807-A [a]; see UCCA 1804-A; Ross v Friedman, 269 AD2d 584 [2000]; Williams v Roper, 269 AD2d 125, 126 [2000]).
Plaintiff's witness lacked personal knowledge of the facts with respect to the amount of debris which was alleged to have been in the bales of scrap metal. While plaintiff argues that the affidavits submitted at trial were sufficient to establish its claim for $4,355.19, the record on appeal does not contain any sworn statements and, in any event, such statements would constitute hearsay, and no judgment, even in a commercial claims action, may rest entirely on hearsay evidence (see Zelnik v Bidermann Indus. U.S.A., 242 AD2d 227, 228 [1997]). As the record supports the City Court's determination dismissing the action, we find that the judgment provided the parties with substantial justice (see UCCA 1804-A, 1807-A [a]).
Accordingly, the judgment is affirmed.
MARANO, P.J., TOLBERT and BRANDS, JJ., concur. 
ENTER:
Paul Kenny
Chief Clerk
Decision Date: November 16, 2017