| |
|:---:|
| **Colonial Sur. Co. v Lotus Global Trucking, Inc.** |
| 2025 NY Slip Op 30639(U) |
| February 24, 2025 |
| Supreme Court, New York County |
| Docket Number: Index No. 655356/2023 |
| Judge: Lynn R. Kotler |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT: **HON. LYNN R. KOTLER**

*Justice*

---------------------------------------------------------------------X

COLONIAL SURETY COMPANY,

Plaintiff,

- v -

LOTUS GLOBAL TRUCKING, INC.,NATHAN DIAZ

Defendant.

---------------------------------------------------------------------X

| | |
|---|---|
| PART | 08 |
| INDEX NO. | 655356/2023 |
| MOTION DATE | 01/13/2025 |
| MOTION SEQ. NO. | 001 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 001) 5, 6, 7, 8, 9 were read on this motion to/for _____JUDGMENT - DEFAULT_____.

This is an action for a breach of an indemnity agreement. Plaintiff now moves for an order pursuant to CPLR § 3215 granting it a default judgment against the contractual parties, defendants Lotus Global Trucking, Inc. ("Lotus") and Nathan Diaz ("ND"). Plaintiff seeks a money judgement on its first cause of action for $73,588.95 against each of the defendants plus interest. Plaintiff further seeks to recover its reasonable legal fees, costs and expenses in the amount of $1,626.28 in connection with the first cause of action. The motion has been submitted without opposition despite proof of service of notice of the motion on each of the defendants via first class mail. Therefore, the motion is considered on default. The court's decision follows.

Plaintiff has provided proof of service of the summons and complaint upon Lotus and ND via personal service upon Linda Foss, a person of suitable age and discretion and a Community Manager authorized to accept service on behalf of Lotus, at 6991 E. Camelback Road, #D-300, Scottsdale, AZ 85251, the actual place of business of ND and principal place of business of Lotus (CPLR § 308[1],[2]; CPLR § 311 [a][1]). Despite such service, neither of the defendants have answered the complaint and their time to do so has not been extended by the court.

655356/2023   COLONIAL SURETY COMPANY vs. LOTUS GLOBAL TRUCKING, INC. ET AL
Motion No. 001

Page 1 of 4

INDEX NO. 655356/2023
RECEIVED NYSCEF: 02/24/2025

Additionally, the plaintiff has submitted evidence that ND is not in military service. Therefore, plaintiff has established that the defendants have defaulted in appearing in this action.

While a default in answering the complaint constitutes an admission of the factual allegations therein, and the reasonable inferences which may be made therefrom (*Rokina Opt. Co. v Camera King*, 63 NY2d 728 [1984]), plaintiff is entitled to default judgment in its favor, provided it otherwise demonstrates that it has a prima facie cause of action (*Gagen v Kipany Prods.*, 289 AD2d 844 [3d Dept 2001]). An application for a default judgment must be supported by either an affidavit of facts made by one with personal knowledge of the facts surrounding the claim (*Zelnik v Bidermann Indus. U.S.A.*, 242 AD2d 227 [1st Dept 1997]; CPLR § 3215[f]) or a complaint verified by a person with actual knowledge of the facts surrounding the claim (*Hazim v Winter*, 234 AD2d 422 [2d Dept 1996]; CPLR § 105[u]).

The motion is supported by a sworn affidavit of Wayne Nunziata, plaintiff's president, who states based upon personal knowledge that on or about December 20, 2022, defendants Lotus and ND executed and delivered a License and Permit Information Form, which included the indemnity agreement, in consideration for a Freight Broker BMC-84 Bond on behalf of Lotus, as principal. Plaintiff has provided a copy of the indemnity agreement to the court. The indemnity agreement provided that the undersigned indemnitors agreed to be severally and jointly liable "for payment to the Surety of any losses, costs, expenses, including attorneys' fees, incurred by the Surety in connection with the Bonds and/or Surety enforcement of this agreement". The indemnity agreement also provided that the indemnitors "submit to the jurisdiction of the state and federal courts in New York, waiving any defenses of lack of personal jurisdiction and waiving venue arguments".

Plaintiff issued Broker's or Freight Forwarder's Surety Bond No. 111061, effective December 20, 2022 (the "Bond"), on behalf of Lotus, naming the United States of America as obligee, in the penal sum of $75,000.00, to comply with the requirements of 49 U.S.C. 13906. Plaintiff paid $73,588.95 to various claimants as a result of claims received against the Bond. Plaintiff has provided a record of the claims received and payments issued to Bond claimants. The indemnity agreement requires defendant to pay plaintiff for its losses in the sum of $73,588.95, none of which has been paid to date.

The four elements required of a cause of action for breach of contract are: [1] formation of a contract between the parties; [2] performance by plaintiff; [3] defendant's failure to perform; and [4] resulting damage (*Furia v Furia*, 116 AD2d 694 [2d Dept 1986]). Based upon the foregoing, plaintiff has demonstrated a prima facie cause of action for breach of the indemnity agreement against Lotus and ND and is entitled to a default judgment on the first cause of action. Accordingly, plaintiff is awarded a money judgment for $73,588.95 for payments issued to Bond claimants, together with interest from the median date of Colonial's payments, March 24, 2023, which were issued between February 15, 2023, and April 30, 2023 (CPLR § 5001; *see Hanover Data Servs. v Arcata Natl. Corp.*, 115 AD2d 403, 404 [1st Dept 1985]).

Plaintiff further seeks reasonable attorney's fees, costs and expenses in the amount of $1,626.28. The indemnity agreement provides that the parties shall pay reasonable attorney's fees, costs and expenses incurred by the Surety in connection with the Bond. Therefore, plaintiff is entitled to recover these items from each of the defendants as well. Plaintiff has provided to the court copies of legal invoices made and kept in the regular course of MCELROY, DEUTSCH, MULVANEY & CARPENTER, LLP's business representing the legal fees plaintiff

655356/2023  COLONIAL SURETY COMPANY vs. LOTUS GLOBAL TRUCKING, INC. ET AL
Motion No.  001

Page 3 of 4

has incurred in this action. Based upon the foregoing, plaintiff is entitled to a default judgment on its third cause of action and a money judgment for $1,626.28.

## CONCLUSION

In accordance herewith, it is hereby

**ORDERED** that plaintiff's motion is granted against defendants Lotus and ND; and it is further

**ORDERED** that the Clerk is directed to enter a money judgment in favor of plaintiff Colonial Surety Company and against defendants Lotus Global Trucking, Inc and Nathan Diaz, jointly and severally, for $73,588.95, together with interest from March 24, 2023, together with $1,626.28 for legal fees and expenses.

Any requested relief not expressly addressed herein has nonetheless been considered and is here-by expressly rejected and this constitutes the decision and order of the court.

_____2/24/2025_____
DATE

_____
LYNN R. KOTLER, J.S.C.

CHECK ONE:

| | | | |
|---|---|---|---|
| [X] CASE DISPOSED | | [ ] NON-FINAL DISPOSITION | |
| [X] GRANTED | [ ] DENIED | [ ] GRANTED IN PART | [ ] OTHER |

APPLICATION: [ ] SETTLE ORDER  [ ] SUBMIT ORDER

CHECK IF APPROPRIATE: [ ] INCLUDES TRANSFER/REASSIGN  [ ] FIDUCIARY APPOINTMENT  [ ] REFERENCE

**655356/2023  COLONIAL SURETY COMPANY vs. LOTUS GLOBAL TRUCKING, INC. ET AL**
Motion No. 001

Page 4 of 4