Burroughs v Peters (2026 NY Slip Op 50050(U))

[*1]

Burroughs v Peters

2026 NY Slip Op 50050(U)

Decided on January 14, 2026

Supreme Court, Monroe County

Bringewatt, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on January 14, 2026
Supreme Court, Monroe County

Destiny Burroughs a/k/a DESTINY BROOKS BURROUGHS, Plaintiff,

againstRonald L. Peters and ROSA M. PETERS, Defendants.

Index No. E2025000401

Nicholas L. Rossi for Plaintiff Destiny Burroughs a/k/a Destiny Brooks Burroughs

John P. Bringewatt, J.

In this action seeking damages for injuries suffered as a result of exposure to lead paint, plaintiff Destiny Burroughs ("Plaintiff") moves for a default judgment pursuant to CPLR § 3215 (Motion #1). For the reasons set forth below, the motion is denied.BACKGROUNDThis action was commenced with the filing of a Summons and Verified Complaint on January 7, 2025 (NYSCEF Doc. No. 1). Plaintiff seeks damages for lead poisoning she allegedly suffered while living in an apartment owned by defendants Ronald L. Peters and Rosa M. Peters (together, "Defendants"). Defendants have not appeared in the action, and Plaintiff now moves for a default judgment against Defendants (NYSCEF Doc. No. 11). In support of her motion, Plaintiff has submitted an attorney affirmation (NYSCEF Doc. No. 12) and an affidavit of Plaintiff, attaching the Verified Complaint and affidavits of service as exhibits (NYSCEF Doc. Nos. 13-16). 
DISCUSSION
I. Legal Standard
A party seeking a default judgment establishes their entitlement to such relief by "submitting proof of service of the summons and the complaint, the facts constituting the claim, and defendants' default" (Sutton v. Williamsville Suburban, LLC, 174 AD3d 1467, 1468 [4th Dept. 2019] [internal quotation omitted]; see also CPLR § 3215(f)). The facts constituting the claim must be provided by either a verified complaint or an affidavit of merit (CPLR § 3215(f)). The verified complaint or affidavit must allege "enough facts to enable a court to determine that a viable cause of action exists" (Woodson v. Mendon Leasing Corp., 100 NY2d 62, 70-71 [2003]).
The legal conclusions to be drawn from the applicant's complaint and factual allegations are reserved for the court's determination, and the court retains the discretionary obligation to determine whether the applicant has met the burden of stating a prima facie [*2]cause of action . . . . If the trial court determines that the allegations in a complaint or affidavit of facts fail to establish a prima facie case, the application is not 'entitled' to the requested relief, even on default.(Dyno v. Rose, 260 AD2d 694, 698 [3d Dept. 1999].) Notably, when the facts submitted in support of a motion for a default judgment are made upon information and belief, without reference to the source of the information or the grounds for the belief, a Court cannot grant the motion (see Zelnik v. Bidermann Industries U.S.A., Inc., 242 AD2d 227, 228 [1st Dept. 1997]; Henriquez v. Purins, 245 AD2d 337, 338 [2d Dept. 1997]).
II. Plaintiff's Motion for a Default Judgment
Plaintiff has failed to establish her entitlement to a default judgment because she has failed to sufficiently establish the facts constituting her claim.
In support of her motion, Plaintiff submitted an affidavit (NYSCEF Doc. No. 13) and also attached a copy of her Verified Complaint (NYSCEF Doc. No. 14). Because the Verified Complaint was verified by Plaintiff's counsel, and not someone with personal knowledge, it cannot be a basis for a default judgment (Knudsen v. Green Machine Landscaping, 223 AD3d 792, 793 [2d Dept. 2024]; Cary v. Cimino, 128 AD3d 1460, 1460-61 [4th Dept. 2015]). Accordingly, the Court addresses only Plaintiff's Affidavit in support of this motion in determining whether Plaintiff has set forth facts making out a prima facie claim.
Plaintiff's affidavit relies almost exclusively upon facts that are alleged upon information and belief (see NYSCEF Doc. No. 13). Even facts as fundamental as whether Defendants were the owners or landlords of the premises in question (id. ¶¶ 4, 6) and whether and when Plaintiff resided there (id. ¶ 5) are alleged upon information and belief. The Court cannot grant a default judgment with such material facts being alleged upon information and belief (Zelnik, 242 AD2d at 228; Henriquez, 245 AD2d at 338).[FN1]

Additionally, the factual allegations that are meant to establish Defendants' liability are made upon information and belief. Liability with respect to alleged lead paint poisoning must be based on establishing notice, either actual or constructive (Heyward v. Shanne, 114 AD3d 1212, 1213 [4th Dept. 2014]). The Court of Appeals has set forth five factors to establish constructive notice, consisting of proof that the landlord:
(1) retained a right of entry to the premises and assumed a duty to make repairs, (2) knew that the apartment was constructed at a time before lead-based interior paint was banned, (3) was aware that paint was peeling on the premises, (4) knew of the hazards of lead-based paint to young children and (5) knew that a young child lived in the apartment.(Chapman v. Silber, 97 NY2d 9, 16 [2001].)
In her affidavit, Plaintiff maintains that "[u]pon information and belief, [Defendants] knew and/or should have known that the paint at the [subject premises] contained dangerous levels of lead" (NYSCEF Doc. No. 13, ¶ 11). As to actual notice, this allegation upon information and belief is insufficient. It is likewise insufficient as to constructive notice, because [*3]while Plaintiff's Affidavit does maintain that the apartment was constructed prior to the banning of lead paint (id. ¶ 13), that Defendants were aware or should have been aware that paint on the premises was peeling (id. ¶ 10), knew or should have known of the hazards of lead paint (id.¶ 16), and that a child was residing at the premises (id. ¶ 9), it alleges each of these factors only upon information and belief. Furthermore, Plaintiff fails to allege that the Defendants retained a right of entry to the premises. Plaintiff also fails to allege facts to support a conclusion that Defendants were on notice of the dangerous lead paint condition "for such a period of time that, in the exercise of reasonable care, it should have been corrected," as is required to establish notice (Heyward, 114 AD3d at 1213). Plaintiff thus fails to allege adequate facts to establish Defendants were on notice of the alleged hazard.
Additionally, Plaintiff "cannot prevail" in establishing the merits of her claims without evidence that she had elevated blood lead levels during her tenancy at the subject premises (Davis v. Brzostowski, 133 AD3d 1371, 1372 [4th Dept. 2015]). Again, Plaintiff alleges only that, upon information and belief, she had elevated blood lead levels at some unspecified time (NYSCEF Doc. No. 13, ¶ 12). Plaintiff fails to establish a prima facie case for this reason as well.[FN2]

CONCLUSION
Accordingly, it is hereby:
ORDERED that Plaintiff's motion for a default judgment pursuant to CPLR § 3215 is DENIED in its entirety without prejudice.
Dated: January 14, 2026
Hon. John P. Bringewatt, A.J.S.C.

Footnotes

Footnote 1:Consideration of the Verified Complaint would not change this result, as the key allegations are likewise alleged upon information and belief (see NYSCEF Doc. No. 14).

Footnote 2:Because the Court concludes that Plaintiff failed to adequately set forth facts constituting a viable cause of action, the Court does not need to reach the question of whether service of the summons and complaint, served in this case by "nail and mail" pursuant to CPLR § 308[4] (see NYSCEF Doc. Nos. 2-3), was properly effectuated following appropriate due diligence (see generally Estate of Waterman v. Jones, 46 AD3d 63, 65-66 [2d Dept. 2007]).